# TOWN OF SANTA MONICA v. ECKERT et al.

## No. 19,156; August 15, 1893.

### 33 Pac. 880.

**Writ of Prohibition—Effect of Refusal.**—Where a writ of prohibition is asked to restrain a court from proceeding on the ground that it has no jurisdiction, the denial of the writ, without any decision on such question, does not take away the right to have it considered on writ of review.[1]

**An Appeal cannot be Considered Where the Amount in Controversy,** as shown by the ad damnum clause of the complaint, is less than the jurisdictional amount of the supreme court, and the "legality" of the license tax for which the action is brought is not questioned, but the contention is that a license already obtained covered the premises.

---

[1] Cited in Hayes v. Board of Trustees etc., 6 Cal. App. 523, 92 Pac. 493, where it is said: "The writ of prohibition should not ordinarily issue where certiorari will lie, unless it appears that the applicant for the writ will necessarily be injured if the tribunal sought to be prohibited is permitted to proceed."

Cited in the dissenting opinion of Shaw, J., in People v. Soto, 8 Cal. App. 328, 96 Pac. 916, quoting the words used in the same connection by the court in Hayes v. Board of Trustees etc., 6 Cal. App. 523, 92 Pac. 492.

APPEAL from Superior Court, Los Angeles County; Lucien Shaw, Judge.

Action by the town of Santa Monica against Robert Eckert and others. From a judgment of the superior court reversing a judgment for defendants, defendants appeal. Appeal dismissed.

Thomas B. Brown for appellants; Richard R. Tanner for respondent.

HAYNES, C.—This action was brought by the town of Santa Monica, a municipal corporation of the sixth class, in the recorder's court, to recover the amount of a license alleged to be due from the defendants for keeping a saloon, the amount of the license fee fixed by the ordinance being $300. In the complaint, plaintiff alleged the amount required to be paid to be $300, but remitted all in excess of $299.99, for the avowed purpose of giving the recorder's court jurisdiction. Upon the trial in that court defendants had judgment, from which the plaintiff appealed to the superior court, and the trial in that court resulted in a judgment for plaintiff for said sum of $299.99, and costs, from which judgment, and an order denying defendants' motion for a new trial, the defendants appeal.

The point principally relied upon by appellants for a reversal is that the superior court had no jurisdiction to entertain the appeal, because, as they contend, the recorder's court from which the appeal was taken had no jurisdiction. This contention is based on the fact that the ordinance of the town of Santa Monica fixed the amount of the license at $300, a sum beyond the jurisdiction of that court, and that plaintiff could not legally remit any portion of that sum for the purpose of giving jurisdiction. After the appeal was taken to the superior court, the defendants applied to this court for a writ of prohibition to restrain the superior court from proceeding in the cause, upon the ground that it had no jurisdiction. The writ was denied, and respondent contends that the denial of the writ was an adjudication that the superior court had jurisdiction of the case brought into it by appeal. But that conclusion does not follow. It will not issue where

there is a plain, speedy and adequate remedy in the ordinary course of law: Code Civ. Proc., sec. 1103. In this case, if the superior court had jurisdiction, there could be no appeal from its judgment, as the amount demanded was less than $300; but there was still left an adequate remedy by a writ of review. The writ of prohibition will not ordinarily issue where certiorari will lie, unless it appears that the applicant for the writ will necessarily be injured if the court sought to be prohibited is permitted to proceed at all, as that court may, before final judgment, discover its want of jurisdiction, and dismiss its proceedings; while, if it should proceed to final judgment, the party is not injured by the entry of a void judgment, and proceedings to enforce such judgment may be prevented, and the judgment declared void under a writ of review. The mere denial of the writ of prohibition, where the question of jurisdiction, as in this case, was not decided, does not take away the right to a writ of review. Defendants' answer raised no question as to the "legality" of the license tax, but only the question of their liability to pay it, upon the ground that they already had a license which covered both bars, and the answer was not verified, as required by section 838, Code of Civil Procedure: Williams v. Mecartney, 69 Cal. 556, 11 Pac. 186. As the legality of the license tax was not involved, and the amount in controversy, as shown by the ad damnum clause of the complaint, is less than $300, this court has not jurisdiction of the appeal, and therefore cannot consider the question of the jurisdiction of either of the courts below. The appeal herein should be dismissed.

We concur: Temple, C.; Belcher, C.

McFARLAND and FITZGERALD, JJ.—For the reasons given in the foregoing opinion the appeal in this cause is dismissed.

DE HAVEN, J.—I concur in the judgment.