[Civ. No. 33.   Second Appellate District.—October 25, 1905.]

# HUGH M. MOONEY, Respondent, v. BOARD OF SUPERVISORS OF TULARE COUNTY, Appellant.

SCHOOL LAW—CITY HIGH SCHOOL—GENERAL ADMISSION OF SCHOOL DISTRICT INVALID—TAXATION WITHOUT REPRESENTATION.—If it be deemed the object and intent of subdivision 22 of section 1670 of the Political Code, providing for the admission of an adjacent school district to a city high school district, to admit it generally, with the consequent burden of taxation upon the outlying school district, which might be imposed by the municipality of which it was not a part, and in the election of whose taxing or administrative officers it had no voice or share, it would violate the cardinal principle that ''there shall be no taxation without representation,'' and would be invalid and ineffective.

ID.—MUNICIPAL TAXATION NOT REPEALED.—Subdivision 22 of section 1670 of the Political Code was not intended to repeal the provisions of the municipal corporation act conferring upon the municipality the power to levy taxes for all municipal purposes, of which the support and maintenance of the schools is a part.

ID.—CONSTRUCTION OF CODE—TERMS TO BE AGREED UPON—QUALIFIED ADMISSION OF DISTRICT.—The reference in subdivision 22 of section 1670 of the Political Code to ''such terms as may be agreed upon'' is inconsistent with the idea of a general admission to the extent of incorporating the school into the body of the high school district; and, to be effective, the act must be construed as providing for a qualified admission of the adjacent school district, in cases where a general admission is not permissible, and as intended to provide for the general admission of children therein qualified for high school training upon proper terms, supplementing those provisions of the school law where in individual instances the board of trustees was authorized to admit pupils outside of the school district.

ID.—TERMS OF AGREEMENT INCORPORATED IN ORDER—GENERAL ADMISSION NEGATIVED.—Where the agreement entered into provided for admission of school district pupils to the city grammar school without tuition, and for the payment of tuition in the city high school by all scholars residing outside of the city high school district, these conditions, incorporated in the order and forming part of it, negative any intention of general admission of the school district into the body of the high school district.

ID.—USE OF NAME OF CITY HIGH SCHOOL DISTRICT.—The use of the name of the city high school district employed in the agreement cannot be said to have reference to that district after the admission therein of the adjacent school district.

2 Cal. App.—5

ID.—PETITIONS—JURISDICTION OF SUPERVISORS—CONCLUSIVE FINDINGS. The petitions filed in accordance with the statute conferred upon the board of supervisors jurisdiction to act, to hear and determine the questions involved, and whatever facts it was necessary to find as prerequisite to the order are, when found by them, conclusive.

ID.—WRIT OF REVIEW BY TAXPAYER—FUTURE LEVY OF ONEROUS TAXES.—A writ of review will not lie at suit of a taxpayer of the school district to annul the order of the board of supervisors, notwithstanding an averment that grievous and burdensome taxes will be imposed upon his land for the support of the city high school. It is only when an attempt is made by the city authorities to levy and collect taxes upon lands outside of the high school district, and not till then, that the plaintiff may be heard in relation thereto.

APPEAL from a judgment of the Superior Court of Tulare County   W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

D. McFadzean, J. W. Davis, and C. L. Russell, for Appellant.

Hannah & Miller, Maurice E. Power, Garber, Creswell & Garber, and Sullivan & Sullivan, for Respondent.

ALLEN, J.—The plaintiff obtained a writ of review from the superior court of Tulare county for the purpose of annulling an order of the supervisors of said county directing that Liberty school district shall become, and ordering the same to be made, a part of the Tulare high school district for high school purposes. Upon a return to the writ and a hearing thereon, the court rendered its judgment, annulling such order and all proceedings thereunder. From this judgment the respondents to the writ have appealed.

The return to the writ, which comprises the record before the board, shows that, upon presentation of a petition signed by certain of the heads of families in Liberty school district, the trustees of such school district and the trustees of the Tulare high school district joined in a petition to the board of supervisors of Tulare county, praying that Liberty school district be admitted to the Tulare city high school district, upon certain terms theretofore agreed upon between the

boards of trustees; that upon the hearing of such petition the board of supervisors found that the signatures to the petition signed by the heads of families were sufficient in number, that the terms agreed upon were proper and reasonable, that the districts were adjacent, and made the order above referred to. These proceedings before the board of supervisors were instituted under, and the authority for the order based upon, subdivision 22 of section 1670 of the Political Code, which provides: "Any school district adjacent to a high school, union, or joint union high school district in the same or in an adjoining county may be admitted to said high school district by action of the board of supervisors of the county in which the school district is located, upon such terms as may be agreed upon between the trustees of the school district seeking admission and the high school board, whenever a majority of the heads of families, as shown by the last preceding school census, shall present to said board of supervisors a petition for such annexation, accompanied by a petition signed by a majority of the members composing the high school board of the district to which the admission is desired. . . . All the provisions relative to the levy and collection of tax necessary to maintain a union high school district, shall apply to the levy and collection of the tax required for a joint union school district, as in this section provided."

The paramount question involved upon this appeal relates to the extent of power, if any, conferred by such subdivision upon the board of supervisors in relation to the admission for high school purposes to a city high school of an adjacent school district lying entirely without the municipality. If the object and intent of the act is to admit generally, with the consequent burden of taxation upon the outlying territory which might be imposed by the municipality, of which it was not a part, and in the election of whose taxing or administrative officers it had no voice or share, we should have no hesitancy in determining that it would be in violation of the cardinal principle that "there shall be no taxation without representation"; and when we consider that portion of subdivision 22 in relation to the taxing power in the district created as being conferred upon those who levy taxes for union high schools, namely, the board of supervisors, we

are impressed with the opinion that the legislature never sought by this act to repeal those provisions of the munici-pal corporation act which conferred upon the legislative body of the municipality the power to levy taxes for all munic-ipal purposes, of which the support and maintenance of the schools is a part. (*Board of Education* v. *Board of Trustees*, 129 Cal. 600, [62 Pac. 173].) Again, the subdivision refers to terms of admission to be agreed upon. This is in-consistent with the idea of a general admission to the ex-tent of its incorporation into the body of the city high school; for, if such incorporation were possible, the maintenance and support of the school district, and each and every part thereof, would be borne by all alike, and property within the district taxed as provided by section 1, article 13, of the constitution, and the corresponding benefits would, of ne-cessity, extend to all within the territory so taxed. That this act shall have effect, therefore, it must be construed as pro-viding for a qualified admission in cases where a general ad-mission is not permissible, and that the legislature was seek-ing to provide for the general admission of all children within a district entitled by reason of scholarship to high school training upon such terms as might be proper, supplementing those provisions of the school law, where in individual in-stances the board of trustees is authorized to admit chil-dren outside the high school district. Viewing the subdi-vision in this light, no reason is apparent why the power of admission upon terms should not be exercised. Looking into the return again, we find that by the agreement entered into between the Liberty school district and the Tulare high school district scholars in the eighth grade were to be admitted into the grammar school without tuition; that no pupil residing outside of the Tulare high school district should be per-mitted to attend said high school as a pupil, except upon payment in advance of the monthly tuition fee to be fixed by the high school board, nor even then, if their attendance for any cause was detrimental to the interests of the school.

Nor can we say that the term "Tulare High School Dis-trict," employed in the agreement, had reference to such dis-trict after the admission therein of the adjacent district; for subdivision 22 designates such new district as a joint-union school district. These conditions so agreed upon the incor-

porated in the order of admission by the board of supervisors negative any intention of general admission of Liberty school district into the body of the city high school, or of assuming any taxing power by the city over the outlying district. Whatever may have been the intent, however, no power reposed in the supervisors to admit generally to the city high school such outlying territory in any manner other than upon terms equitable and just, which did not involve power of taxation. As we construe the act, it is eminently fair and confers a proper and constitutional power upon the board of supervisors; and their order of admission, while general in its terms, is shown to have been based upon an agreement, and such agreement forms a part of the order whereby pupils in Liberty school district are entitled to privileges of the city districts upon compliance with the terms of admission. The petitions filed conferred upon the board of supervisors jurisdiction to act, to hear and determine the questions involved, and whatever facts it was necessary to find as prerequisite to the order were found in the exercise of their jurisdiction, and when so found are conclusive. (*People* v. *Town of Loyalton,* 147 Cal. 774, [82 Pac. 620].)

Under this view of the case, the plaintiff is not shown to be injured or affected by the order in any respect. In his petition for the writ it is alleged that grievous and burdencity authorities to levy and collect taxes upon lands outside the municipality for the support of the city high school. It is sufficient to say that, if such attempt be made by the city authorities to levy and collect taxes upon lands outside the Tulare high school district, then, and not until then, may plaintiff be heard in relation thereto. Entertaining the views hereinbefore expressed, it is unnecessary to consider or determine the many other interesting questions argued by counsel in their very well-considered briefs.

The judgment and order of the superior court are reversed, and the cause remanded, with directions to dismiss the writ.

Gray, P. J., and Smith, J., concurred.