[Civ. No. 383.    Second Appellate District.—October 2, 1907.]

FRED HAYES, Appellant, v. BOARD OF TRUSTEES OF CITY OF OCEANSIDE, and J. E. JONES et al., Members of Said Board of Trustees, and H. BRODIE, Clerk, etc., Respondents.

MUNICIPAL ORDINANCE—APPLICATION FOR LIQUOR LICENSE—QUALIFICATION OF SIGNERS NOT REQUIRED TO BE STATED.—Where a municipal ordinance requires that five persons whose signatures are attached to an application for a liquor license shall be resident freeholders of the city, residing or doing business within twelve hundred feet of the premises where the liquor is proposed to be sold, it is not necessary that the application should state their qualifications.

ID.—JURISDICTION OF BOARD OF TRUSTEES—QUESTIONS OF FACT—CONCLUSIVE DETERMINATION.—The board of trustees has jurisdiction to determine, as questions of fact, whether the application was signed by the requisite number of qualified signers, as well as the qualifications of the applicant, and the fitness of the premises, and its decision on these questions of fact when made is conclusive and not subject to review.

ID.—PROHIBITION—CERTIORARI.—Prohibition will not lie to prevent the board of trustees from determining the proper question of fact. If upon the hearing it should discover its want of jurisdiction and should still proceed, the aggrieved party would have an adequate remedy by writ of review. The writ of prohibition will not ordinarily issue when *certiorari* will lie, unless it appear that the applicant for the writ will necessarily be injured if the tribunal sought to be prohibited is permitted to proceed.

APPEAL from a judgment of the Superior Court of San Diego County.    N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

T. L. Lewis, for Appellant.

D. Rorick, L. E. Dadmun, and C. W. Pendleton, *amicus curiae*, for Respondents.

SHAW, J.—This is a proceeding instituted by appellant for a writ of prohibition against the board of trustees of the

city of Oceanside requiring it to desist and refrain from making an order granting a license to one Hale Backensto to sell intoxicating liquors at retail in said city. In accordance with the prayer of the petition, an alternative writ was issued directed to said board and requiring it to show cause why it should not be restrained from issuing said license. Respondents demurred to the petition upon the grounds, among others, that the petition did not state facts sufficient to entitle petitioner to the writ as prayed for, and that the court had no jurisdiction of respondents or the subject matter of the action. The demurrer was sustained. Petitioner elected to stand upon his petition, whereupon the court rendered judgment dismissing the petition and denied the writ.

Oceanside is a municipal corporation of the sixth class, and by its board of trustees duly adopted an ordinance providing for the granting of licenses to sell intoxicating liquors in said city, which ordinance, among others, contains the following provisions:

"Section 7. No license to sell intoxicating liquors shall be ordered or authorized to be issued by the board of trustees unless prior thereto the applicant for said license shall have filed in the office of the City Clerk of said county an application for such license, signed by five resident freeholders of said city, residing or doing business within twelve hundred feet of the premises where said intoxicating liquor is proposed to be sold, stating that the applicant is a sober and suitable person to conduct the business of selling intoxicating liquors, and describing the place where said business is to be carried on.

"Section 8. Upon the filing of an application as required in Section Seven, the board of trustees shall investigate the qualifications of the applicant and the suitability and fitness of the premises in which the proposed business of selling intoxicating liquor is to be carried on, and unless it shall affirmatively appear that the applicant is a suitable person, and the premises are fit and in a suitable location for the said business, said application shall be denied."

There is nothing in the point urged by appellant that the application should have stated that the signers thereof possessed the qualifications prescribed in section 7 of said ordinance. It was in proper form and it purports to be signed by twelve persons who, after describing the place where the

business is to be conducted, certify that they "are acquainted with Hale Backensto, the applicant above named, and that he is a sober and suitable person to keep and conduct such place and business." Said section prescribes that the five persons whose signatures shall be affixed to the application shall be "resident freeholders of said city, residing or doing business within twelve hundred feet of the premises where said intoxicating liquor is proposed to be sold," but it does not require that such *facts* shall be set forth in the application. The only requirement is that they shall describe the place where the business is to be carried on and state that the applicant is a sober and suitable person to conduct it. The presentation of this application containing the statements required by the ordinance and purporting to be signed by the requisite number of persons, authorized the board to proceed with an adjudication of the facts upon the existence of which its power to grant the license depended—that is, whether or not the application was signed by the requisite number of persons who possessed the qualifications prescribed by the ordinance, and also investigate the qualifications of the applicant and the fitness of the premises in which it was proposed to carry on the business of selling liquor at retail. Whether the application was signed by the requisite number of persons possessing the prescribed qualifications, as well as the qualifications of the applicant and the fitness of the premises, were all questions of fact submitted by the ordinance to said board for its decision, which, when made, was conclusive. The law is well settled that, when the jurisdiction of an inferior tribunal depends upon the existence of *facts*, an adjudication by such tribunal .of the *existence* of such facts is a conclusive determination of the question of its jurisdiction, and as to which there can be no review. (*Mooney* v. *Supervisors*, 2 Cal. App. 69, [83 Pac. 165]; *People* v. *Loyalton*, 147 Cal. 774, [82 Pac. 620]; *People* v. *Los Angeles*, 133 Cal. 338, [65 Pac. 749].) In Wells on Jurisdiction, section 61, it is said: "Where the jurisdiction of even an inferior court is dependent on a fact which that court is required to ascertain and settle by its decision, such decision is held conclusive." In the proceeding at bar no provision is made for a review, and in the absence of any fraud collateral to the question no means exists for correcting the

adjudication of the board, however erroneous its decision may be.

A further ground of demurrer interposed by respondents was that the petition showed on its face that petitioner had a plain, speedy and adequate remedy in the ordinary course of law. It appears from the petition that the board of trustees had taken no action in the matter, but it was alleged that it threatened to and would, unless restrained, grant said license. The application, as we have seen, was sufficient to justify the board in proceeding with an adjudication, and it is quite likely that if without jurisdiction to grant the license it would, upon a proper hearing, discover its want of jurisdiction, and even if it proceeded to make an order granting the license in the absence of jurisdiction, the aggrieved party could suffer no injury for the reason that he would still have an adequate remedy by writ of review. The writ of prohibition should not ordinarily issue where *certiorari* will lie, unless it appears that the applicant for the writ will necessarily be injured if the tribunal sought to be prohibited is permitted to proceed. (*Town of Santa Monica* v. *Eckert* (Cal.), [33 Pac. 880].)

It is also urged by respondents that the petitioner is not a person or party beneficially interested in the matter. Our conclusion, however, renders it unnecessary to pass upon this point.

The judgment and order are affirmed.

Allen, P. J., and Taggart, J., concurred.