[Civ. No. 1322.   Second Appellate District.—March 8, 1913.]

## FRANK C. HILL et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

WRIT OF PROHIBITION—INTERFERENCE WITH AFFAIRS OF CORPORATION.— Prohibition will not issue to restrain the superior court from enforcing an order enjoining certain persons individually and as officers and stockholders of a corporation from preventing the carrying on of the corporate business, under the management of another person, since the writ of review furnishes an adequate remedy.

ID.—ADEQUACY OF WRIT OF CERTIORARI.—The writ of prohibition should not ordinarily issue where *certiorari* will lie, unless it appears that the applicant for the writ will necessarily be injured if the tribunal sought to be prohibited is permitted to proceed.

ID.—JURISDICTION OF SUPREME COURT AND OF COURT OF APPEALS.—Another cogent reason for the application of the rule is that, under the constitution, the judgments of this court are not final until the expiration of thirty days, after which at any time within the next succeeding thirty days the supreme court may, upon petition, order the case transferred to that court for decision. Hence, after staying the trial court in the exercise of its jurisdiction by issuing the alternative writ, such restraint must continue for a period of sixty

days, notwithstanding an adjudication by this court at the final
hearing that the petitioner is not entitled to the peremptory writ
prayed for.

APPLICATION for alternative Writ of Prohibition directed to the Superior Court of Los Angeles County. Stanley A. Smith, Judge presiding.

The facts are stated in the opinion of the court.

Frank C. Hill, and George S. Hupp, for Petitioners.

Flint, Gray & Barker, for Respondents.

THE COURT.—Application for an alternative writ of prohibition. The proceeding grows out of an action brought in the superior court of Los Angeles County wherein W. C. McEvilly was plaintiff and J. J. Haggarty, Frank C. Hill, and James C. Haggarty were defendants, in which said defendants, individually and as officers, directors, and stockholders of the Paris Cloak, Suit and Millinery House, a corporation, were enjoined from "obstructing, impeding, or preventing in any way the carrying on of the business of said corporation under the management of said W. C. McEvilly." After the issuing of said injunction petitioners were cited to appear in court and show cause why they should not be adjudged guilty of contempt for violating said injunction.

The contention of petitioners is that in making the order granting the injunction upon which the proceedings for contempt are based the court exceeded its jurisdiction, in that the effect of the injunction was to take from its board of directors the corporate power vested in it by law. The real purpose sought by petitioners in making this application is to obtain a review of the action of the lower court in granting the injunction. In our opinion, however, the question which it is sought to have reviewed does not necessarily arise, and we are not inclined to encourage a procedure which, to say the least, is irregular. If the court could in any case make an order enjoining persons from obstructing, impeding, or preventing the carrying on of the business of a corporation under the management of another person, and as to which we make no decision, we must assume that facts were pre-

sented to the court which justified its action in this case, and if such facts were not made to appear, the action of the court in making the order was error to be reviewed on appeal therefrom. Whether or not petitioners have violated the order is a question of fact to be determined by the court upon the hearing of the matter. Upon its own interpretation of the order, the court might conclude that the acts which petitioners are alleged to have committed did not constitute contempt, in which case they would not be aggrieved. In any event, and assuming an adverse decision, we do not think the writ should issue for the reason that petitioners would have an adequate remedy in the ordinary course of law by a writ of review. ''The writ of prohibition should not ordinarily issue where *certiorari* will lie, unless it appears that the applicant for the writ will necessarily be injured if the tribunal sought to be prohibited is permitted to proceed.'' (*Town of Santa Monica* v. *Eckert,* 4 Cal. Unrep. 92, [33 Pac. 880] ; *Hayes* v. *Board of Trustees,* 6 Cal. App. 520, [92 Pac. 492].) If the decision of the trial court should be favorable to petitioners, they would have no cause for complaint. If, on the other hand, it should be adverse and the adjudication void for want of jurisdiction, the enforcement of the judgment may be prevented and the judgment declared void under a writ of review. Another cogent reason for the application of the rule is that, under the constitution, the judgments of this court are not final until the expiration of thirty days, after which at any time within the next succeeding thirty days the supreme court may, upon petition, order the case transferred to that court for decision. Hence, after staying the trial court in the exercise of its jurisdiction by issuing the alternative writ, such restraint must continue for a period of sixty days, notwithstanding an adjudication by this court at the final hearing that the petitioner is not entitled to the peremptory writ prayed for.

The application is denied.