[S. F. No. 10712. In Bank.—November 14, 1923.]

# COMMERCIAL BANK OF SPANISH AMERICA, LTD. (a Corporation), et al., Petitioners, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] CONTEMPT—AFFIDAVIT—JURISDICTION.—In a contempt proceeding, if the affidavit does not state facts sufficient to charge a contempt of court, the court has not jurisdiction to punish the person therein sought to be charged.

[2] ID.—REMEDIES—CERTIORARI—HABEAS CORPUS.—The remedy of one charged with contempt of court, where it is claimed the court is proceeding in excess of jurisdiction, is to first present his defense upon the hearing of the contempt proceedings and then, if found guilty, to apply to a higher court for a writ of *certiorari* or *habeas corpus*.

[3] ID.—PROHIBITION.—The trial of contempt proceedings has sometimes been stayed by a writ of prohibition where it is manifest from previous orders or decisions of the court that it will proceed notwithstanding a lack of jurisdiction.

[4] EVIDENCE—COMMUNICATIONS FROM AGENT TO AGENT—WHEN INADMISSIBLE.—The communications from one agent to another concerning a past transaction are not ordinarily admissible in evidence in favor of third persons whose rights are under discussion.

[5] ID.—DEPOSITIONS — ORDER FOR PRODUCTION OF CORRESPONDENCE—WHEN VOID.—An order of court requiring a person to produce correspondence on the taking of his deposition is void where it does not appear that the evidence which the order directs to be produced is competent, and the order is too general in its terms to be capable of enforcement.

APPLICATION for Writ of Prohibition to prevent trial of petitioner for contempt of court. Writ granted.

The facts are stated in the opinion of the court.

Lent & Humphrey, Robert J. McGahie and Robert Mack Light for Petitioners.

Thomas, Beedy & Lanagan for Respondents.

2. Remedies of person convicted of contempt, note, 22 **Am. St. Rep.** 417.

WILBUR, C. J.—This is an application for a writ of prohibition to prevent the respondent from proceeding with the trial of E. Leuenberger for contempt of court for refusal to obey an order of the respondent court as follows: "It is Ordered that said witness, E. Leuenberger, be, and he is hereby, commanded and directed, at the resumption of the taking of his deposition as a witness for the plaintiff above named before M. V. Collins, a Notary Public in and for the City and County of San Francisco, State of California, to produce for the inspection of plaintiff all correspondence, including telegrams and cablegrams, in the possession of the defendant, had *at any time* by the defendant between its London, San Francisco and Bogota offices, relating to the transaction the subject matter of the above-entitled action." (Italics ours.)

Petitioners produced all correspondence passing before and during the pendency of the transaction involved in the action, but claimed that correspondence between the agents of the corporation after the transaction was completed was not competent evidence in the case and, therefore, refused to produce the same.

Before passing on the validity of the order to produce the correspondence, we will first consider the remedy invoked by petitioners. **[1]** If the affidavit filed with the trial court does not state facts sufficient to charge a contempt of court, that court would not have jurisdiction to punish the person therein sought to be charged with contempt. (*Otis* v. *Superior Court,* 148 Cal. 129 [82 Pac. 853]; *People* v. *Latimer,* 160 Cal. 716 [117 Pac. 1051]; *Hotaling* v. *Superior Court,* 191 Cal. 501 [29 A. L. R. 127, 217 Pac. 73]; *Fletcher* v. *District Court of Appeal,* 191 Cal. 711 [218 Pac. 391]; *In re Brambini, ante,* p. 19 [218 Pac. 569].) The remedy for such an excess of jurisdiction, however, is by writ of *certiorari* or by *habeas corpus* if the person is committed for imprisonment by an order void because of an excess of jurisdiction (see cases above cited; see, also, 4 Cal. Jur. 1030, sec. 10).

In the case of *Town of Santa Monica* v. *Eckert* (No. 19156, 99 Cal. xix, reported in 4 Cal. Unrep. 92 [33 Pac. 880]), it was said: "The writ of prohibition will not ordinarily issue where *certiorari* will lie, unless it appears that the applicant for the writ will necessarily be injured if the court sought

to be prohibited is permitted to proceed at all, as that court may, before final judgment, discover its want of jurisdiction, and dismiss its proceedings; while, if it should proceed to final judgment, the party is not injured by the entry of a void judgment, and proceedings to enforce such judgment may be prevented, and the judgment declared void under a writ of review. The mere denial of a writ of prohibition, where the question of jurisdiction, as in this case, was not decided, does not take away the right to a writ of review. . . ." (See, also, *Hill* v. *Superior Court,* 21 Cal. App. 424 [131. Pac. 1061]; *Hayes* v. *Board of Trustees,* 6 Cal. App. 520 [92 Pac. 492].)

[2] It follows that the remedy of the petitioner, E. Leuenberger, is to first present his defense upon the hearing of the contempt proceedings and then, if found guilty of contempt, to apply to a higher court for a writ of *certiorari* or *habeas corpus* (see *Drew* v. *Superior Court,* 43 Cal. App. 651 [185 Pac. 680]).

[3] However, the trial of contempt proceedings has sometimes been stayed by a writ of prohibition where it is manifest from previous orders or decisions of the court that it will proceed notwithstanding a lack of jurisdiction (*Gordan* v. *Buckles,* 92 Cal. 481 [28 Pac. 490]; *Knutte* v. *Superior Court,* 134 Cal. 660 [66 Pac. 875]).

The petitioner, E. Leuenberger, alleges his disobedience of the order made by respondent. He has unsuccessfully contended before respondent that the respondent court had no power to make the order upon which the contempt proceeding is based. No point is made by the respondent as to the remedy invoked by the petitioners. We will, therefore, consider the question upon its merits.

[4] The question sought to be presented by the petitioners in this case is as to the right of the trial court to require the production of the correspondence of the agents of one of the parties to the action, without some showing that this correspondence, if produced, would be competent evidence. The communications from one agent to another concerning a past transaction are not ordinarily admissible in evidence in favor of third persons whose rights are there under discussion. [5] The order is void because it does not appear that the evidence which the order directs to be produced is competent, and because the order is too general

in its terms to be capable of enforcement (*Ex parte Clarke,* 126 Cal. 235, 238 [77 Am. St. Rep. 176, 46 L. R. A. 835, 58 Pac. 546]; *Kullman, Salz & Co.* v. *Superior Court,* 15 Cal. App. 276, 286 [114 Pac. 589]; *Hupp* v. *Superior Court,* 22 Cal. App. 162 [133 Pac. 987]; 5 Cal. Jur. 960, sec. 53).

A peremptory writ of prohibition will issue, prohibiting the respondent from proceeding with the trial of petitioner, E. Leuenberger, for contempt.

Myers, J., Kerrigan, J., Lennon, J., Seawell, J., Waste, J., and Lawlor, J., concurred.