[Civ. No. 5778.  First Appellate District, Division One.—March 21, 1927.]

FELTON WATER COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF SANTA CRUZ COUNTY. et al., Respondents.

[1] CONTEMPT—QUIETING TITLE TO WATERS—INJUNCTION—VIOLATION BY ONE NOT PARTY TO ACTION—ORDER TO SHOW CAUSE—PROHIBITION—RECORD—PRESUMPTIONS.—In a proceeding for a writ of prohibition to arrest further proceedings on an order to show cause why petitioner should not be adjudged in contempt of court for failure to comply with a judgment rendered in an action to quiet title to waters of a certain stream, enjoining the defendants therein and their agents from diverting said waters, in which action the petitioner was not joined as a party, where the facts which led to the issuance of the order to show cause are not disclosed by the record and it appears that the injunction was directed to the defendants and their agents, it must be assumed that the order to show cause was based upon acts alleged to have been committed by petitioner while acting as the agent for one or more of the parties bound by the decree.

[2] ID. — PROHIBITIVE INJUNCTION — EFFECT OF APPEAL — AGENCY — JURISDICTION.—The injunction rendered in such quiet title action

---

1.  Violation of injunction by one not a party to injunction suit, note, 15 A. L. R. 386.  See, also, 6 R. C. L. 504; 14 R. C. L. 471.

2.  Effect of appeal from injunction upon jurisdiction to punish for contempt for its violation, note, L. R. A. 1918F, 794.  See, also, 2 Cal. Jur. 439; 14 Cal. Jur. 279, 281; 2 R. C. L. 122.

was prohibitive and an appeal from the judgment granting such injunction did not suspend the power of the trial court to enforce it not only against the parties to the action, but against those having knowledge of it, provided they are servants or agents of the parties enjoined or are acting in collusion with them.

[3] ID.—ACTS ALLEGED TO BE IN VIOLATION OF INJUNCTION—QUESTION FOR TRIAL COURT.—In such prohibition proceeding, assuming that acts alleged to be violative of the injunction were committed by petitioner, whether it acted as the agent or servant of the parties enjoined or in collusion with them or, as claimed, in the exercise of a paramount right to divert and distribute the waters of the stream, are questions which the trial court is empowered to determine.

[4] PROHIBITION—REMEDIES—CERTIORARI.—A writ of prohibition does not lie to prevent a subordinate court from deciding erroneously, but the parties aggrieved will be left to pursue the ordinary remedies for the correction of error, nor will it ordinarily issue where *certiorari* will lie to review the judgment unless it appears that the applicant for the writ will necessarily be injured if the tribunal sought to be prohibited is permitted to proceed.

(1) 32 Cyc., p. 630, n. 2.   (2) 3 C. J., p. 1271, n. 44.   (3) 32 Cyc., p. 630, n. 2.   (4) 32 Cyc., p. 616, n. 5, p. 617, n. 18.

PROCEEDING in prohibition to prevent the Superior Court of Santa Cruz County from further proceeding on contempt charges.   Harry C. Lucas, Judge.   Writ denied.

The facts are stated in the opinion of the court.

Peck, Bunker & Peck for Petitioner.

Geo. W. Smith, Ralph Smith and R. T. Harding for Respondents.

CASHIN, J.—An application for a writ of prohibition to arrest further proceedings by the respondent court on an order to show cause why petitioner should not be adjudged in contempt of court for failure to comply with a judgment entered therein.

4.   Prohibition as process for review and correction of errors and irregularities, notes, 111 Am. St. Rep. 956; 1 Ann. Cas. 713; Ann. Cas. 1913D, 593.   See, also, 21 Cal. Jur. 580, 584; 22 R. C. L. 9, 12, 23.

Petitioner is a corporation organized for the purpose of supplying water to the inhabitants of the town of Felton and its vicinity. It alleges the right to divert for that purpose the waters of Limestone brook in Santa Cruz County to the extent of 86,000 gallons per day; that in the exercise of its right the waters of the stream to the extent claimed have been continuously diverted since the month of June, 1925, and have been dedicated to and impressed with a public use. These averments were denied by respondents, and no evidence in support of the right claimed or of the facts alleged was adduced. It is further averred that petitioner in August, 1926, commenced an action in respondent court against the Forest Lakes Mutual Water Company, Seminary Avenue Land Company, corporations; George Fetherston and others to condemn as against the lands of defendants the right to divert from this stream 150,000 gallons of water daily, including the 86,000 gallons mentioned above, and that the action is now pending; that in an action in the same court, entitled *"Forest Lakes Mutual Water Company and Seminary Avenue Land Company, Corporations, Plaintiffs,* v. *Santa Cruz Land Title Company, a Corporation, George Fetherston et al., Defendants,"* numbered 9954, in which action petitioner herein was not joined as a party, a judgment was entered enjoining the defendants and their agents from diverting the waters of Limestone brook; that subsequently in the same action an order to show cause was issued by respondents and served on petitioner, requiring it to show cause why it should not be punished for contempt of court for failing to comply with the injunction. Petitioner contends that not having been joined as a party it was not bound by the judgment, and that respondents are without jurisdiction to adjudge petitioner guilty of contempt.

It appears that plaintiffs in the action last mentioned, which was filed on June 8, 1925, sought to quiet their title to the waters of the stream and to restrain the defendant from diverting them. The defendants answered, and upon the issues the court found that plaintiffs were the owners as against defendants and entitled to the use and benefit of all the waters naturally flowing therein within the limits of the lands owned by plaintiff Seminary Avenue Land Company and that, contrary to the claim of defendants, no

diversion thereof had been made by them or their agents prior to June, 1925; that defendant Fetherston was the owner of substantially the whole of the issued capital stock of Felton Water Company, which was an agent employed by him in supplying water to certain lands described in the pleadings; that it was not true, as alleged by defendants, that the inhabitants of the town of Felton were supplied by water diverted from the stream or that the waters therefrom had been dedicated to a public use to be supplied through the Felton Water Company. A judgment was entered on September 8, 1926, enjoining the defendants and their agents, particularly the Felton Water Company, from obstructing the flow of the stream or diverting the waters above the lands of the Seminary Avenue Land Company or within the limits of the land owned by defendant Fetherston as described in the pleadings, it being further provided therein that the injunction should not be stayed or suspended by an appeal from the judgment. An appeal was taken therefrom and is now pending.

[1] The facts which led to the issuance of the order to show cause are not disclosed by the record. It appearing, however, that the injunction was directed to the defendants and their agents we must assume that the order was based upon acts alleged to have been committed by petitioner while acting as the agent for one or more of the parties bound by the decree.

[2] The injunction was prohibitive and the appeal did not suspend the power of the trial court to enforce it not only against the parties to the action, but against those having knowledge of it, provided they are servants or agents of the parties enjoined or are acting in collusion with them (*United Railroads, etc.,* v. *Superior Court,* 172 Cal. 80 [155 Pac. 463]; *Wolf* v. *Gall,* 174 Cal. 140 [162 Pac. 115]; *Berger* v. *Superior Court,* 175 Cal. 719 [15 A. L. R. 373, 167 Pac. 143]).

[3] Assuming that acts alleged to be violative of the injunction were committed by petitioner, whether it acted as the agent or servant of the parties enjoined or in collusion with them or, as claimed, in the exercise of a paramount right to divert and distribute the waters of the stream, are questions which the trial court is empowered to determine.

[4]   A writ of prohibition does not lie to prevent a subordinate court from deciding erroneously, but the party aggrieved will be left to pursue the ordinary remedies for the correction of error (*Van Hoosear* v. *Railroad Com.,* 189 Cal. 228 [207 Pac. 903]), nor will it ordinarily issue where, as here, *certiorari* will lie to review the judgment unless it appears that the applicant for the writ will necessarily be injured if the tribunal sought to be prohibited is permitted to proceed (*Commercial Bank, etc.,* v. *Superior Court,* 192 Cal. 395 [220 Pac. 422]; *Town of Santa Monica* v. *Eckert,* 4 Cal. Unrep. 92 [33 Pac. 880]; *Hayes* v. *Board of Trustees,* 6 Cal. App. 520 [92 Pac. 492]; *Hill* v. *Superior Court,* 21 Cal. App. 425 [131 Pac. 1061]).

In the instant case, as said in *Hill* v. *Superior Court, supra,* "If the decision of the trial court should be favorable to petitioner it will have no cause for complaint. If, on the other hand, it should be adverse and the adjudication void for want of jurisdiction, the enforcement of the judgment may be prevented and the judgment declared void by a writ of review."

The writ is denied.

Tyler, P. J., and Knight, J., concurred.