[Civ. No. 7537.   Second Appellate District, Division Two.—November 18, 1930.]

M. G. PHILLIPS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Cooper & Collings for Petitioner.

Holbrook, Taylor & Tarr & Horton for Respondents.

ARCHBALD, J., *pro tem.*—The petitioner asks a peremptory writ of prohibition restraining respondents from enforcing or carrying into effect an order appointing a receiver for the Stock and Realty Assurance Corporation, and also from proceeding in a matter wherein petitioner was cited to appear before respondent to show cause why he should not be punished for contempt in taking from the possession of the receiver so appointed the sum of $185.35 and for preventing said receiver from taking possession of the books and records of said corporation, of which petitioner is alleged to have been president.

The petition alleges the corporate existence of said Stock and Realty Assurance Corporation under the laws of the state of Nevada and its authorization to do business in this state; that "for a period of one month last past petitioner has been president of said corporation" and one of its directors. That on July 25, 1930, on complaint filed against said corporation, on an *ex parte* application respondent court made an order appointing A. D. McLeod receiver of said corporation, which order was amended July 28, 1930, on *ex parte* application to said court and an order was also made directing the sheriff of Los Angeles County to assist said receiver in taking possession of all the assets, books and papers of said corporation; that by virtue of said assistance said receiver took possession and now has the control of said assets, books and papers. It is further alleged that in making the order appointing said receiver said court acted in excess of its jurisdiction, in that no cause of action existed for the appointment of a receiver; that by reason thereof petitioner refused to turn over the "books, assets and property of said corporation to said receiver, and that on or about August 1, 1930, petitioner was served with said order to show cause why he should not be punished therefor for contempt. It is further alleged that petitioner "is not a party to said action, except as an officer of said corporation"; that said corporation has demurred to said complaint and also moved to vacate and set aside the order appointing receiver, and that said motion and demurrer were argued before respondent Hon. William C. Doran, "who took the same under advisement and has not decided same". The petition was filed herein on August 11, 1930.

There is also an allegation in said petition that said court is "illegally and unlawfully proceeding to exercise its jurisdiction and to cite and threaten to punish your petitioner for contempt". There is also the bare allegation that "petitioner has no plain, speedy or adequate remedy at law".

Petitioner not being a party to the action in which the receiver was appointed would not seem to be in a position to ask that the receivership should be restrained, and the corporation itself has taken the proper steps to raise the validity of such appointment before the court making it.

So far as the contempt proceeding against petitioner is concerned the petition does not show that he has in any way called the attention of the court below to his claim that such court is acting in such proceeding without jurisdiction by reason of the alleged invalidity of the orders appointing said receiver, and the authorities hold that the remedy in such a case is for petitioner to first present his defense to the lower court upon the hearing of the contempt proceeding. (*Wessels* v. *Superior Court,* 200 Cal. 403 [253 Pac. 135]; *Southern Pac. R. Co.* v. *Superior Court,* 59 Cal. 471, 475; *Chester* v. *Colby,* 52 Cal. 516.)

The Supreme Court in the case of *Commercial Bank* v. *Superior Court,* 192 Cal. 395, 397 [220 Pac. 422, 423], in laying down the rule above mentioned also uses the following language: "However, the trial of contempt proceedings has sometimes been stayed by a writ of prohibition where it is manifest from previous orders or decisions of the court that it will proceed notwithstanding a lack of jurisdiction." Such a situation is not shown by the petition filed herein, and the petition shows on its face that petitioner has a plain, speedy and adequate remedy in the trial court, which must be taken before application for a writ of prohibition is made here.

The peremptory writ of prohibition is denied.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 9, 1930, and an application by petitioner to have the cause heard in the

Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1931.