THE STATE EX REL. FREE HIGH SCHOOL BOARD, etc., Respondent, vs. LAMONT, Town Clerk, Appellant.

*November 30 — December 29, 1893.*

*Free high schools: Powers of board: Mandamus: Levy and collection of taxes: Apportionment of amount.*

1. The board of a free high school district may institute a proceeding by *mandamus* to compel the levy and collection of a tax for the support of the school.
2. If the amount to be raised by a town in a joint free high school district is legally apportioned to it, the town clerk must include such amount in the tax roll, notwithstanding any direction to the contrary by the town board or by the electors at a town meeting.
3. The refusal of any number of towns, less than the whole number, in such district to levy and collect taxes for their respective shares of the expenses of the school, cannot disorganize or dissolve the district or relieve any town clerk of his duty to insert the proper sum in the tax roll.
4. The fact that the school-house is in a city is of no significance if the city is a part of the district.
5. The apportionment of the amount to be raised for the support of the school is not invalidated as to any town in the district by the fact that it was made on the basis that a town not in fact a part of the district was embraced therein.
6. The fact that the board, when making the apportionment, did not have before it certificates of the clerks of the several towns stating the equalized valuation of taxable property therein, is immaterial.

APPEAL from the Circuit Court for *Clark* County.

On the petition of the district board of a joint free high school district, alleged to comprise the towns of Hull, Colby, and Green Grove and the city of Colby, in the counties of Clark and Marathon, an alternative writ of *mandamus* was issued out of the circuit court of Clark county to *John F. Lamont*, town clerk of the town of Colby, commanding him to insert in the annual tax roll of that town a tax on the taxable property therein, to pay the proportionate share of the town for the support of the school in such district as fixed and apportioned by the district board thereof, or to show cause to the contrary.

It is stated in the petition (and the same averments are recited in the alternative writ) that in 1885 a joint free high school district, comprising the town of Hull in Marathon county, and the town of Colby in Clark county, was created and organized in the manner required by the statute in that behalf (S. & B. Ann. Stats. secs. 490–492); that in 1887 the town of Green Grove was organized, and all the territory comprised in it was taken from the town of Colby; and that in 1891 the city of Colby was created out of portions of the towns of Hull and Colby.

After stating the names and offices of the persons constituting the district board of such joint free high school district, the petition avers the assessment of the school tax in question as follows: " On the 3d day of September, 1892, the said high school board met and determined that the amount of money necessary to be raised by tax for the support of said free high school for the then ensuing year was the sum of $650, and thereupon duly certified the said amount, together with the proportionate share of said amount to be raised by the said town of Colby, to wit, the sum of $242.55, and then and there caused the proper certificates of the board certifying the same to be delivered to the clerk of said town of Colby, as provided by law; and

the said proportionate share was ascertained and determined according to the total value of all taxable property of said town, as equalized by the town board of review." It also avers that the town clerk of Colby (*Mr. Lamont*) was duly requested to insert a tax to that amount in the annual tax roll of his town, but he refused to do so.

A motion by *Mr. Lamont* to quash the alternative writ of *mandamus*, for the alleged reason that it fails to state sufficient facts to authorize the issuing of the writ, was denied. Thereupon he made return to the writ. His return is, in substance, that he refused to insert such district tax in the annual tax roll of his town because the electors thereof, at the then last annual town meeting of his town, directed him by resolution not to insert such tax in the tax roll, and the board of supervisors of the town gave him the same direction; also, that the school-house of the district is in the city of Colby. *Mr. Lamont* further answered that the district board did not have before it, or on file with the district clerk, any certificate of the town clerk of Colby, Hull, or Green Grove stating the amount of the equalized valuation of the taxable property therein.

To such return the school district board interposed a general demurrer, which was sustained, and judgment was thereupon awarded and entered that a peremptory writ of *mandamus* issue as prayed in the petition. The town clerk appeals from such judgment.

The cause was submitted for the appellant on the brief of *O'Neill & Marsh*, and for the respondent on that of *R. J. MacBride*.

For the appellant it was contended, *inter alia*, that the high school board is not a body corporate and cannot be the relator in *mandamus* proceedings. Any action in court relating to the property or interests of high school districts must be brought in the names of the towns composing the district. And if this be the case, no action can be main-

tained without the authority of the electors. *State ex rel. Manitowoc v. County Clerk,* 59 Wis. 15; *State ex rel. Baraboo v. Sauk Co.* 70 id. 485.

LYON, C. J. In an action brought against the town of Green Grove by the same joint free high school district which is represented in this proceeding by its district board, this court approved the opinion expressed by Mr. Thayer, the late learned superintendent of public instruction, that our statutory free high school system " is crude, deficient, and complicated, and greatly needs revision." [*Joint Free High School District v. Green Grove,* 77 Wis. 532.] It is a satisfaction to know that under special authority of the legislature, conferred by ch. 178, Laws of 1893, it is now in process of revision by the present able superintendent. Doubtless, the imperfections of the system will disappear when the next legislature adopts the report of Mr. Wells. But, however imperfect the statutes in that behalf may be, certain legal inferences are clearly deducible therefrom, which control the determination of this appeal. These will now be stated, but they require little discussion.

1. A joint free high school district, if not a full corporation, is clothed with many corporate attributes and vested with important corporate powers. It is one of the legal civil subdivisions of the state, created to enable the state to perform properly one of its most important functions,— the education of its youth. Provision is made that its governing body or board shall have perpetual succession. S. & B. Ann. Stats. sec. 492. Such board may set in motion the taxing power of the state to raise money to support the high school (sec. 495), and generally may exercise the power and authority of ordinary school district boards (sec. 493), among which is the right to bring actions (sec. 417). The proper and efficient exercise of such large powers, and the right of the state or a citizen thereof to enforce

performance by the district board of the duties imposed by law upon it or upon the district, render it absolutely necessary that the high school district or its governing board should possess the right to sue, and be subject to the liability of being sued, in the courts of the state; hence, whether the district or its board is or is not a corporation in the full sense of that term, or only a *quasi* corporation, it must be held that this proceeding was properly instituted and may be maintained by the district board.

2. Neither the town of Colby nor its board of supervisors has any lawful authority to interfere with the levy and collection of the tax in question, and the direction of the electors at the town meeting and of the town board of supervisors to the town clerk not to insert the tax in the tax roll are nullities. If the amount to be raised is legally apportioned to the town, the town clerk must include it in the tax roll.

3. The refusal of one town, or any number of towns (at least any number less than the whole), in a joint free high school district, to levy and collect taxes on the taxable property in any such town to pay its due proportion of the expenses of maintaining the school, when such proportion has been lawfully ascertained, cannot disorganize or dissolve the joint district, or relieve the town clerk of any such defaulting town of the duty of inserting the proper sum in the tax roll of his town.

4. The significance of the averment in the return that the school-house of the district is in the city of Colby is unexplained and is not apparent. Certainly, it is not significant if the city of Colby is a part of the district. That it is a part of the district admits of no reasonable doubt, for in the charter of that city (ch. 128, Laws of 1891) it is provided that nothing therein "shall be construed in any way to affect the boundary lines of any high school district;" and, further: "The joint school district shall remain as it

The State ex rel. Free High School Board vs. Lamont.

now is until changed in legal manner." Subch. V, secs. 30, 32. These provisions expressly retain the city as a con-stituent part of the joint district. We do not determine whether it would or would not have remained a part of the district had those provisions been omitted from the chapter.

5. The petition shows quite clearly that the apportion-ment to the town of Colby of its share of the expenses of the school is made upon the basis that the town of Green Grove, as well as the city of Colby, is a part of the district. It is conceded that the circuit court has adjudged that such town is not a part of the district, and that such judgment is in full force, no appeal having been taken therefrom; hence Green Grove is not a part of the district. This fact, however, does not invalidate the apportionment of school expenses to the remaining towns and the city constituting the district. It only demonstrates that the apportionment to the town of Colby is too small. No harm is done thereby, except to the district, and the erroneous basis of apportion-ment is no sufficient ground for reversing the judgment.

6. It is quite immaterial that, when the district board apportioned to the town of Colby the amount to be raised therein by tax towards the support of the school, it had not before it the certificate of the town clerk of Colby stat-ing the equalized valuation of taxable property therein, and had not like certificates of the clerks of the other towns in the district. If there is any statute requiring such certifi-cates to be furnished (and we know of none), it is merely directory. Such certificates would furnish the board very satisfactory data on which to make the apportionment, but we find nothing in the statute which prohibits resort by the board to any source of information within its reach to obtain such data. The question is not, How did the board get the required information? but, Did it make the appor-tionment on the correct basis? That it did so in the pres-

ent case, with the immaterial exception that it acted upon
the hypothesis that Green Grove was a part of the district,
is sufficiently alleged in the petition, and is not denied in
the return.

The inevitable conclusion from the foregoing proposi-
tions is that the petition states sufficient grounds for issu-
ing the writ of *mandamus,* and the return of the town clerk
to the alternative writ fails to show any valid reason to
the contrary. We hold that the peremptory writ was
properly awarded.

*By the Court.*— The judgment of the circuit court is af-
firmed.