STATE EX REL. HAWKINS FREE HIGH SCHOOL DISTRICT OF
PRICE AND RUSK COUNTIES, Respondent, vs. NELSON,
Town Clerk, and another, Appellants.

*May 11—June 6, 1933.*

For the appellants the cause was submitted on the brief of *W. K. Parkinson* of Phillips.

*J. W. Carow* of Ladysmith, for the respondent.

WICKHEM, J. It is alleged in the answer, and admitted by the demurrer, that this action was commenced without any authorization by the electors of the plaintiff school district. In sec. 40.41, sub. (7), governing high school districts, the district meeting is given authority to exercise all powers which are conferred upon the meetings of all common school districts. Sec. 40.04, sub. (12), provides that common school districts shall have the power to give direction and make provision for the prosecution or defense of any action in which the district is interested. Sec. 40.16, sub. (1), provides as follows:

"Subject to the authority vested in the district meeting and to the authority and possession specifically given to other officers, the common school board shall have the possession, care, control and management of the property and affairs of the district."

The question involved has had the consideration of this court in *School District No. 8 v. Arnold,* 21 Wis. 657, and *State ex rel. Geneva School District No. 1 v. Mitchell,* 210 Wis. 381, 245 N. W. 640. In the first of these cases the power of the school board, without authorization by the school district meeting, to maintain an action for trespass to recover for damages done to the schoolhouse was sustained upon the ground that it was an incident to the power of the board to control and manage the property of the district. In the case of *State ex rel. Geneva School District No. 1 v. Mitchell, supra,* the power of the school district board, without such authorization, to authorize the commencement in

the name of the school district of an action to test the validity of certain detachment proceedings, was denied. This result was reached after an examination of the powers of the town board in this respect, which the court regarded as similar to those of the school district board. Attention was called to the case of *State ex rel. Town of Manitowoc v. County Clerk,* 59 Wis. 15, 16 N. W. 617, in which it was held that a town board, without the specific authorization of the town meeting, cannot maintain an action challenging the validity of an equalization assessment made upon the town, and also to the ruling in *State ex rel. Town of Baraboo v. Board of Supervisors of Sauk County,* 70 Wis. 485, 36 N. W. 396, to the effect that the town board, without authorization of the town meeting, could not bring action to recover damages for the obstruction of a highway and to restrain further obstruction of it. The *Arnold Case* was considered to approach the limit of the authority of a school district board to commence actions without the direction of the school district meeting, and to be justified because the situation was one in which a speedy resort to process was essential to the protection of the property of the district. The foregoing cases indicate how very limited is the power of the school district board in this respect.

The question arises in this case whether, considering the doctrine of these cases, an action to compel a town clerk to spread upon the tax roll the amount of taxes certified to the town of which he is an officer, can be said to be a matter incident to the possession, care, control, and management of the property and affairs of the district, and hence within the doctrine of the *Arnold Case.*

In view of the recent conclusion of the court in the case of *State ex rel. Geneva School District No. 1 v. Mitchell,* we cannot assent to the contention that it is. Under the doctrine of that case, suit may be brought by the school district board without authority of the district meeting only in those cases

in which the management, control, and conservation of the property and affairs of the district require speedy application for process, the benefit of which might be lost if the board had to wait for specific directions from a school district meeting.

The subject of this controversy is no more included within the provisions of sec. 40.16, sub. (1), than was that in the case of *State ex rel. Geneva School District No. 1 v. Mitchell.* While this is an action to compel town clerks to spread a levy upon the tax roll, it appears from the pleadings that the real issue is the validity of certain detachment proceedings, and that the refusal of the town clerks is grounded upon their contention that these proceedings were void and that the school district is improperly omitting to levy against the territory detached. Respondent relies upon *State ex rel. Free High School Board v. Lamont,* 86 Wis. 563, 57 N. W. 369. In that case the district board of a joint free high school district, alleged to comprise the towns of Hull, Colby, and Green Grove and the city of Colby, in the counties of Clark and Marathon, sought an alternative writ of *mandamus* to the town clerk of the town of Colby commanding him to insert in the annual tax roll of that town a tax on the taxable property therein, to pay the proportionate share of the town for the support of the school. The defendant contended that the high school board was not a body politic and could not be the relator in *mandamus* proceedings, and that any action in court relating to the property or interests of high school districts must be brought in the names of the towns composing the district. In the statement of facts in the case occurs this sentence: "And if this be the case, no action can be maintained without the authority of the electors," citing *State ex rel. Town of Manitowoc v. County Clerk,* 59 Wis. 15, 16 N. W. 617; *State ex rel. Town of Baraboo v. Board of Supervisors of Sauk County,* 70 Wis. 485, 36 N. W. 396. The court held that a joint free high school district is vested

with many corporate attributes and powers, and that the proper exercise of its powers "renders it absolutely necessary that the high school district or its governing board should possess the right to sue, and be subject to the liability of being sued, in the courts of the state." It was concluded that it had the power to sue, whether it be treated as a corporation in the full sense of that term, or only as a quasi-corporation.

This case does not militate against the conclusions heretofore reached; in fact, it rather fortifies them. There is no contention in this case, nor could any be made, that the district or its board is not a legal person to the extent necessary to maintain a suit. The contention in the *Lamont Case* was that it had no such standing or capacity, and that, consequently, the action would have to be maintained in the name of the towns composing the district. If this contention were held to be sound, the court recognized that the action could not be maintained without the authority of the electors of the several towns, and cited the very cases upon which this court based its conclusions in *State ex rel. Geneva School District No. 1 v. Mitchell.* There was no contention based upon a failure of the school district board to obtain the sanction or direction of a school district meeting, nor was any such point considered by the court. The two questions are quite separate and distinct. If the district or its board had no legal personality, an authorization by the electors would not be effective to confer upon either the capacity to sue or be sued in its own name. If it had such personality, the exercise of its power to sue might or might not, according to the statutory provisions applicable, be conditioned upon an authorization by the electors at a district meeting.

There is a material difference between the statutes under which the free high school district was organized in the *Lamont Case,* and that under which relator exists here. In the *Lamont Case* the district was organized under the provi-

sions of sec. 491, R. S. 1889, providing that two or more *adjoining towns* may unite in establishing and maintaining any free high school. Sec. 495, R. S. 1889, provides that the high school board of such a district shall meet and determine the amount necessary to be raised by tax for the support of such high school, and certify to the town clerk of each town the proportionate amount thereof. It is further provided that the town boards of the several towns embraced may, by a joint resolution adopted by all such town boards before the first day of July, limit the amount to be raised in such district.

Under the Statutes of 1889 there was no provision for a school district meeting in the case of joint high school districts organized under sec. 491. The power to levy a tax was in the district board, subject to such limitations as might be placed upon the amount by a joint resolution adopted by the town boards embraced in the district. The towns were thus made the units of the district, and the only question that could arise with respect to electors would be the result of a holding that the school district had no entity, in which case the suit would have to be in the name of the town and authorized by the electors of the town at a town meeting. The situation is quite different under the present statutes, which provide for district meetings and vest in such a meeting the power to vote taxes and generally to exercise all powers relative to the high school district which are conferred by statute upon the meetings of common school districts, including, of course, the right to direct and control the prosecution or defense of litigation involving the district.

The foregoing conclusions require that the order be reversed.

*By the Court.*—Order reversed, and cause remanded with directions to quash the writ.