STATE EX REL. CALLAHAN, State Superintendent of Public
Instruction, Petitioner, vs. MURPHY, Circuit Judge,
Respondent.

*November 17—December 19, 1944.*

For the petitioner there was a brief by the *Attorney General* and *W. E. Torkelson,* assistant attorney general, and oral argument by *Mr. Torkelson.*

For the respondent there was a brief by *L. W. Staudenmaier* and *John E. Faller,* both of Marinette, and oral argument by *Mr. Faller.*

FRITZ, J. Upon due consideration of the matters stated in the pleadings we have concluded that in view of the matters presented thereby it is proper to grant leave to commence the proposed original action.

The purpose of the writ of prohibition sought herein is to command Judge MURPHY to refrain from any further proceedings or order in a matter pending in the circuit court for Marinette county pursuant to a notice of appeal to that court by the above-stated district No. 4 (hereinafter referred to as "Dist. No. 4") from an order made on May 3, 1944, under sec. 40.30 (1), Stats., by John Callahan, as state superintendent of public instruction. This order provided that he thereby abolished Dist. No. 4, and attached all of the descriptions of land composing the district to the above-stated district No. 1 (hereinafter referred to as "Dist. No. 1") ; and that as a result of this order all of the assets, liabilities, and records of Dist. No. 4 are to be turned over to the officers of Dist. No. 1 and become the property of that district. The notice of appeal was served on Callahan on June 1, 1944, and thereupon there was noticed, on his behalf, a motion in the circuit court to dismiss the appeal of Dist. No. 4 on the ground that it does not have sufficient interest and is not the proper party to appeal from an order of the state superintendent made under sec. 40.30 (1), Stats. On the hearing of the motion there was submitted, in connection with other matters alleged in the pleadings, an affidavit by the clerk of Dist. No. 4, in which she stated that—

At a special district meeting held on August 21, 1936, a resolution was unanimously adopted which provided in part as follows:

"Be it resolved that, we the voters of Stewart school, district No. 4, town of Peshtigo, do hereby go on record as being positively opposed to consolidating our school district with any other school district in the town of Peshtigo, and that also oppose combining our district with others in the town and forming a town district system.

"Be it further resolved that we, the voters of said district, do hereby authorize and instruct our district board to take the necessary steps to prevent such a move if it shall be started, and to counteract such a move after started, and to pay any reasonable amount of expenses arising therefrom out of the district's funds."

At a school district meeting on July 12, 1943, there was a motion duly adopted to authorize the school board to spend up to $100 if necessary to keep Dist. No. 4 out of a township system; and on June 5, 1944, at a special meeting of the school board, the contents of the order of the state superintendent of schools was explained to the *electors* of the district, and a motion was duly passed, approving the action of the board in retaining counsel to oppose the consolidation order and authorizing the board to pay attorney's fees to oppose said consolidation.

After the hearing pursuant to the motion to dismiss the appeal, Judge MURPHY concluded that Dist. No. 4 has an interest in the proceedings and is a proper party to appeal from the order in question; and therefore he overruled the motion to dismiss the appeal.

In this original action Callahan contends, (1) that no right to appeal from the order of May 3, 1944, exists excepting as it is expressly given by statute, and the right thereunder cannot be extended to cases not within the statute; and (2) that the school district is without power to take an appeal because, (a) the provision in sec. 40.30 (6), Stats., which reads,—

"An appeal may be taken from any decision of the said state superintendent within thirty days from date of said decision to the circuit court of any county affected"—

is silent as to who should or may appeal from such an order, and (b) under the decision in *State ex rel. Geneva School District v. Mitchell,* 210 Wis. 381, 245 N. W. 640, a school district has no power to attack by appeal, or otherwise, proceedings which affect or change its boundaries.

The conclusion to that effect in the *Geneva School District Case, supra,* is not applicable to the appeal involved in the present case because the facts herein differ materially in that the order of the county superintendent of schools, which the Geneva school district sought to have reviewed on a writ of *certiorari,* did not provide, as does the order involved herein, for entirely abolishing its school district, and attaching all of the land therein and turning over all of its assets and records to another school district to have as the property of the latter. Instead, the order then in question provided for the detachment from the Geneva school district of merely a portion of its area; and as such detachment was held by this court to effect a mere change in the boundaries of the district, and not to involve its assets, property, or affairs, the court concluded that there could not be sustained the contention that its school board was authorized to initiate *certiorari* proceedings under the provision in sec. 40.16 (1), Stats., that—

"Subject to the authority vested in the district meeting and to the authority and possession specifically given to other officers, the common school board shall have the possession, care, control and management of the property and affairs of the district."

In disposing of that contention, the court said,—

"The present action does not involve the property of the district. If it involves anything in which the district has an interest, it is the 'affairs of the district,' and that raises the specific question of whether the boundaries of a district constitute any part of its affairs. . . . The municipality itself has nothing to say about its boundaries. That is a matter that is fixed or provided for by legislative action. When the

legislature has provided for the boundaries of a municipality, that which may be termed the affairs of such municipality relates to those transactions of corporate interest within the boundaries so fixed. . . . The kind and character of a schoolhouse, its equipment, qualifications of its teachers, and the duration of its terms of school, are all affairs of the school district. They, however, are quite independent and distinct from its corporate boundaries and arise only after the district has been established and its corporate boundaries fixed." (*State ex rel. Geneva School District v. Mitchell, supra,* p. 387.)

However, as by the order involved herein the state superintendent entirely abolishes Dist. No. 4 and, in connection therewith, orders that all of its "assets, liabilities, and records . . . are to be turned over to the officers of" Dist. No. 1 and "become the property of said district," the order, in thus depriving Dist. No. 4 of all of its assets and records certainly materially affects the property and affairs of the district, to which there is clearly applicable the provision in sec. 40.16 (1), Stats., that "the common school board shall have the possession, care, control and management of the property and affairs of the district." Consequently, in view of the powers vested by that provision in the school board and its duty thereunder to conserve the property and affairs of the district, the taking of an appeal by the board under sec. 40.30 (6), Stats., can well be considered a necessary incident to its power under sec. 40.16 (1), Stats. *School District No. 8 v. Arnold,* 21 Wis. *657; State ex rel. Hawkins F. H. School Dist. v. Nelson,* 212 Wis. 116, 249 N. W. 172. As sec. 40.30 (6), Stats., allows only the period of thirty days for taking such an appeal, when such action by the board is necessary in order to perform its duty of conserving the property and affairs of the district, the board must necessarily act within that period, without waiting for any direction being given or provision being made for the prosecution of such an appeal at a school district meeting, acting under sec 40.04 (12), Stats.

But, as stated above, in this case the school district itself had authorized its board, by motions and resolutions adopted by the qualified voters at the school district meetings on August 21, 1936, July 12, 1943, and June 5, 1944, to take the necessary steps to oppose the consolidation and to prevent and counteract such a move, and to retain counsel and pay the reasonable expenses and attorney's fees to oppose the consolidation order. In these respects there is likewise a material difference between the facts herein and the facts in the *Geneva School District Case, supra.*

*By the Court.*—Writ denied.