CITY OF OSHKOSH, Appellant, v. WINNEBAGO COUNTY SCHOOL COMMITTEE, Respondent.

*December 1, 1959—January 5, 1960.*

For the appellant there was a brief and oral argument by *Fintan M. Flanagan,* city attorney, and *Henry P. Hughes* of Oshkosh of counsel.

For the respondent there was a brief and oral argument by *James V. Sitter,* assistant district attorney.

HALLOWS, J. The question presented is whether the city of Oshkosh is a person aggrieved under sec. 40.03 (5), Stats., 5 W. S. A., p. 286.

The city of Oshkosh being a city of the second class and operating under the city school plan, the land sought to be

detached by the order appealed from is part of the city for school purposes. In 1957, the legislature amended ch. 40, adding sec. 40.01 (14), Stats., 5 W. S. A., 1959 Cumulative Annual Pocket Part, p. 38. Under the definition of this section a city which has within it all or part of a school district affected is a city affected and entitled to notice. of the hearing on reorganization of the school district.

Under the city school plan a city of the second class is vested with the powers and interests of the school district. There is no separate municipal school-district entity for school purposes. The city itself owns the school property, determines the budget, and operates and administers the school affairs of its school system through a school board as provided in the city school plan. In *Board of Education v. Racine* (1931), 205 .Wis. 489, 238 N. W. 413, this court held because the city of Racine was a city of the second class its common council had the ultimate control of tax property matters relating to the schools. We stated (p. 492): "It is our conclusion that where schools are operating under the city school plan the city owns the funds and property used in connection with its school system." That same year this court held that the school board of the city of Racine was not a body corporate and was without capacity to sue or be sued. *State ex rel. Board of Education v. Racine* (1931), 205 Wis. 389, 236 N. W. 553.

A city of the second class, as Oshkosh, must be treated as having the same interest in its school district as a school district has. The respondent contends that a school district has no legal interest in the changes of its boundaries and relies on *State ex rel. Geneva School Dist. v. Mitchell* (1933), 210 Wis. 381, 245 N. W. 640. In that case it was stated that the boundaries of a school district did not constitute any part of the affairs of the school district, and because no property of the district was involved, the school

district had no legal interest in the detachment of the territory from the district so as to authorize it to institute certiorari proceedings to review the order detaching the territory. The *Geneva Case, supra,* was distinguished in *State ex rel. Callahan v. Murphy* (1944), 246 Wis. 310, 16 N. W. (2d) 834, on the ground that the *Callahan Case, supra,* involved property because the order abolished the entire school district and turned its assets and records over to another school district. The *Callahan Case, supra,* decided the school district had the right to appeal to the circuit court from such an order of the state superintendent.

However, in *Brown Deer v. Milwaukee* (1956), 274 Wis. 50, 68, 79 N. W. (2d) 340, this court decided that a high-school district could test by declaratory judgment whether the consolidation of part of its territory with the city of Milwaukee had the effect of annexing that part of its territory to Milwaukee for school purposes. In *State ex rel. West Allis v. Dieringer* (1957), 275 Wis. 208, 81 N. W. (2d) 533, we observed a city school district was not a separate governmental unit in the city of West Allis and assumed, although the question was not raised, that the city of West Allis as a city school district possessed sufficient interest in its schools to maintain certiorari to review the action of two municipal boards in detaching territory from the city. Recently, in *Joint School Dist. v. Sosalla* (1958), 3 Wis. (2d) 410, 88 N. W. (2d) 357, we considered the question of whether a school district had the right to test the validity of annexation orders by certiorari and held that the school district did have a right to petition for certiorari. In view of the decisions in the *Brown Deer, West Allis,* and *Sosalla Cases, supra,* the holding in the *Geneva Case, supra,* to the effect that a school district is not legally interested in the detachment of its territory and its boundaries, was overruled *sub silentio* and is now expressly overruled.

Relying on *Greenfield v. Joint County School Comm.* (1955), 271 Wis. 442, 73 N. W. (2d) 580, as did the trial court, the appellant contends a city such as Oshkosh has no legal interest and therefore cannot be a person aggrieved. That case is distinguishable. Under the city school plan, Oshkosh is vested with an interest in school-district matters. The city is the district. It operates the schools, owns the school property, and levies and collects the taxes to maintain its schools. In the *Greenfield Case, supra,* the town had no such rights or duties. The school district was a separate entity whose territory was within the boundaries of the town. The town did not operate the schools and acted merely as a collection agency for the school district that determined and levied the school tax. We made the same distinction in the recent case of *Milwaukee v. Milwaukee County School Comm.* (1959), 8 Wis. (2d) 226, 99 N. W. (2d) 186, which was decided after the trial court made its decision in this case. In that case it was pointed out that the city of Milwaukee was a separate and distinct entity from the Milwaukee board of school directors and had no interest as a municipality in school matters in that part of the city within the three joint school districts affected by the order. While the school districts involved were partly within the corporate boundaries of the city of Milwaukee, that territory was not a part of the city of Milwaukee for school purposes.

Under sec. 40.801 (1), Stats., 5 W. S. A., p. 497, the territory here in question is a part of the city of Oshkosh school district because the territory, although outside of the municipal corporate limits, was joined to the city for school purposes and constitutes a part of its school district. Although at the present time there is no school building in the territory sought to be detached, the city of Oshkosh does have such a legal interest in the determination of its school-

district boundaries and the problems that naturally flow therefrom which qualifies it as a person aggrieved within the meaning of sec. 40.03 (5). Whether or not the appeal of the city of Oshkosh has merit is not before us. We decide only that the city of Oshkosh has a right to appeal.

*By the Court.*—Order appealed from is reversed.

MARTIN, C. J., took no part.