STATE EX REL. JOINT SCHOOL DISTRICT and another, Respondents, vs. BECKER and others, Appellants.

*October 11, 1927—January 10, 1928.*

*Schools: Apportionment of taxes paid by public utilities: Constitutionality of statutory method.*

1. Under sub. (1a), sec. 76.28, Stats., providing that fifty per cent. of the amount of taxes received by any town or village from the state treasurer on account of the assessment of a public utility should be apportioned to the "school districts or parts of school districts" in which the property of the public utility is located, payment to the school district treasurers is proper, though the districts were not entirely within the town. pp. 467, 468.

2. In a *mandamus* proceeding against municipal officers who defended as such, they could not waive constitutional objections to the statute on which such proceeding was based, and the court should raise them itself where necessary to a proper disposition of the case. p. 468.

3. Sec. 76.28, Stats., does not violate sec. 23, art. IV, Const., providing for uniformity of town government, as it deals only with the collection and distribution of taxes, and it does not offend against sec. 3, art. X, providing uniformity in the establishment of school districts, as it in no way changes the establishment or uniformity of school districts, the method of the creation of which remains the same. p. 469.

4. Any equitable apportionment of taxes is within the province of the legislature and cannot be said to be without due process of law. p. 469.

APPEAL from a judgment of the circuit court for Rusk county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

This was a proceeding by *mandamus* to compel the town board of the town of Big Falls, Rusk county, to apportion to the petitioning school districts the amount of money which the town received from the state treasurer on account of the assessment of a public utility therein, as provided by sub. (1a), sec. 76.28, Stats. It appeared from the petition and return thereto that the public utility on which the assessment was made and the tax paid in the town of Big Falls was

located wholly within each of said school districts, the school districts being coterminous. There were no other school districts in the town in which any of the property of said utility was located. The cost of operating and maintaining the schools in said districts was more than fifty per cent. of the tax collected and returned to the town. The petitioner demurred to the return to the writ of *mandamus,* and the matter was decided upon the record so made. The state treasurer had remitted to the town of Big Falls $6,211.42 on account of the taxes on such public utility. The court entered judgment directing the appellants to remit fifty per cent. thereof to the treasurer of the respondent school districts. The town board appealed from the decision of the court, and assigns as errors: (1) The court erred in denying the motion of the defendants to quash the petition and alternative writ of *mandamus;* (2) the court erred in sustaining the demurrer to the defendants' return to the alternative writ of *mandamus* and in directing the entry of judgment in favor of the relators; (3) the court erred in denying the motion of the defendants to set aside the order of the court sustaining the demurrer of the petitioners to the original return of the defendants and for judgment, and the motion of the defendants for permission to file an amended return to the alternative writ of *mandamus* herein.

For the appellants there was a brief by *Bagley, Spohn & Ross* of Madison, and oral argument by *Frank A. Ross.*

For the respondents there was a brief by *Carow & Goodsitt* of Ladysmith, and oral argument by *Samuel Goodsitt.*

The following opinion was filed November 8, 1927:

CROWNHART, J. Public utilities originally were assessed locally, as other property in the assessment district, that is, in the city, town, or village where located. Because of the difficulty of assessing such property when extended into two or more such districts, the legislature created a substitute method

of assessment by providing that the assessment of the utility should be made as a whole by the tax commission, the tax collected by the state, and distributed back to the various units entitled to a portion of the tax on an equitable basis. Sec. 76.28, Stats.    This method has been held to be constitutional.    *Chicago & N. W. R. Co. v. State,* 128 Wis. 553, 108 N. W. 557; *State ex rel. Superior v. Donald,* 163 Wis. 626, 158 N. W. 317.

School districts were not then, and are not now, assessing districts.    The law then and now provides that school districts determine the amount of money to be raised to operate the district school or schools, and that the clerk of the school district certify the amount to be raised to the town clerk. In case of a joint school district, the money to be raised is apportioned to the parts of the district located in the various assessing units, according to the assessed valuation for the previous year in such district, and then such respective amounts certified to the respective clerks of such units.    Sec. 40.20, Stats.    The clerk or clerks of the assessing unit or units then place the amounts so certified on the assessment rolls against the property in the school district.    The amount thus assessed and collected is paid over to the school treasurer in due course.    In the case of public utilities the assessment is made by the tax commission, the tax is collected by the state treasurer, and distributed as provided by act of the legislature.    Sec. 76.28, Stats.

In 1925 the legislature passed sub. (1a), sec. 76.28, Stats., which reads as follows:

"In all counties having a population of fifty thousand or less, fifty per cent. of the amount of taxes received by any town or village from the state treasurer on account of the assessment of any street railway, light, heat, power or conservation company shall be retained by the treasurer thereof for general town or village purposes, and the remaining fifty per cent. shall be equitably apportioned by the town board or village trustees to the various school districts or parts of

school districts in which the property of such company is located, in proportion to the amount which the property of such company within each such school district bears to the total valuation of the property of such company in the town or village or part thereof; provided, that no such school district shall in any event receive more than the actual cost of operating and maintaining its school."

Manifestly, this section is intended as an equitable distribution of the tax collected by the state for the benefit of the respective districts to be benefited thereby. It is a substitute for the old method of local assessment of utilities. We must keep that idea in mind in determining the "equitable" distribution provided for in said section. Under the old system the property was taxed according to value in the respective taxing districts, and the school taxes collected apportioned on that basis.

Sub. (1a), sec. 76.28, Stats., carries the equitable distribution of public utilities taxes one step further than formerly. It carries it to the lowest form of a municipality, which is not a taxing district in and by itself. However, a school district has the power to raise and expend money,—to raise money indirectly by taxation through the agencies of the towns or villages where located. This being so, there can be no valid objection to an equitable distribution of the public utility tax directly to it, by the town treasurer, as provided by sub. (1a), sec. 76.28, Stats.

The appellants contend that said section, by providing that the money so to be distributed to the districts or *parts* of districts entitled thereto, contemplates a division based on assessed value of the different parts of the district located in the several municipalities. That is substantially accomplished by the method adopted by the trial court. Under the old system the whole tax returned to the taxing district was retained by it, as determined by the tax commission, on the basis of the proportionate value of the utility in each tax district. The trial court's decision accomplishes the same

thing as to the district or parts of districts in which the utility is located. True, the part of the district located in the town of Big Falls will contribute the larger share of the utility tax to the school district, but that is exactly what would have happened under the old system. The part of the school district located in the town of Big Falls would have found practically all of the value of the plant on the assessment rolls within that part of the school district, and would have certified the tax to be raised on the valuation basis.

The tax commission assessed the property of the utility as a whole, and the state collected the tax. The tax commission apportioned the value of the property in the respective districts, and the state treasurer, after collection of the tax, distributed to the taxing units the tax so collected according to law. Accordingly, the town of Big Falls received $6,211.42; the town of Dewey, $115.64; and the village of Tony, $14.87. Manifestly, this is the proportion by which the tax would have been raised under the old system, and the equitable proportions by which the moneys raised under the present system should be apportioned. The respective taxing units receiving this money under sub. (1a), sec. 76.28, Stats., are required to turn fifty per cent. of the respective sums over to the school district, or parts thereof, in which the property is located. The result arrived at by the circuit court accomplishes that purpose on an equitable basis.

The court held that the constitutional objections attempted to be raised had been waived by the appellants, and hence refused to pass upon them. The appellants are municipal officers and defending as such. Public officials may not waive constitutional obligations. It is contrary to public policy. The court should not permit such waiver, but should raise the question itself where it appears necessary to a proper disposition of the case. *Hjelming v. La Crosse County,* 188 Wis. 581, 583, 206 N. W. 885, where the ques-

tion was raised in this court for the first time; *State ex rel. Kleist v. Donald,* 164 Wis. 545, 552, 160 N. W. 1067.

It is claimed by the appellants that sub. (1a), sec. 76.28, Stats., is unconstitutional on these grounds:

1. It violates sec. 23, art. IV, of the state constitution, providing for uniformity of town government.

2. It violates sec. 3, art. X, of the state constitution, providing uniformity in establishment of school districts.

3. It takes property without due process of law, in violation of the state and federal constitutions.

None of these objections seems to have merit. 1. The law does not deal with or affect the uniformity of town government. It deals with the assessment, levy, collection, and distribution of taxes, a proper function of government. 2. The law in no way changes the establishment or uniformity of school districts. The districts and the methods of creation remain as before. 3. Any equitable apportionment of taxes is within the province of the legislature, and cannot be said to be without due process. *State ex rel. Superior v. Donald,* 163 Wis. 626, 158 N. W. 317.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, with $25 costs, on January 10, 1928.