STATE EX REL. MUELLER and others, Respondents, vs. SCHOOL DISTRICT BOARD, Appellant.

*April 8—May 10, 1932.*

258

For the appellant there was a brief by *Philip Lehner, Jr.,* attorney, and *Lehner & Lehner* of counsel, all of Princeton, and oral argument by *Philip Lehner, Jr.*

*R. W. Peterson* of Berlin, for the respondents.

FAIRCHILD, J. Provision is made for the establishment of district schools and compulsory attendance is required of children of the age of seven years and upwards to fourteen or sixteen, according to certain circumstances not material here. In the practical handling of the problem which presents itself in carrying out our scheme of education in relation to children of kindergarten age, the matter is placed in the keeping of the board. It is the board which is first to determine whether or not there shall be a kindergarten. The statute contemplates the reasonableness of provision for a kindergarten population. It places the duty on the district to establish one when a sufficient attendance is assured. The legislature provided in the section under consideration that in the event the board did not establish and maintain a kindergarten on its own motion when the situation warranted it, that it might be required to do so upon a proper petition, that such kindergarten shall constitute a part of the public schools of the district and shall not thereafter be discontinued unless the kindergarten enrolment for the preceding year shall have been less than fifteen.

The first step in the proceeding is the petition. This must be signed by the parents of at least twenty-five children residing not more than one mile from the school building. The

legislature has given to the local board the control over the establishment of the kindergarten subject to the contingency which arises when parents of the twenty-five children show to the board a situation which the legislature deemed of sufficient consequence to require the establishment of this kindergarten department. The evident purpose of the legislature was to provide a kindergarten whenever twenty-five children were so situated that they would become members of this department, and the board might not discontinue it until the situation changed so that there were less than fifteen children remaining in the department as shown by the enrolment of the previous year. Liberal construction of any statute consists in giving the words a meaning which renders it effectual to accomplish the purpose or fulfil the intent which it plainly discloses. Lewis' Sutherland on Stat. Constr. § 590. It cannot be assumed that it was the purpose of the legislature to require the expenditure of money necessarily involved in the establishment and maintenance of a kindergarten simply because there were twenty-five children within the proper distance from the school house. If it were not intended that the children represented by the signers were to attend the school the petition would not meet the requirements of this provision. The kindergarten is an important feature in a school's organization, requiring special equipment and a trained teacher, to provide which requires the expenditure of money. The legislature did not intend that this expense should be precipitated upon the taxpayers of a district without some certainty of twenty-five children in attendance, or at least the assurance given in each of the twenty-five cases of the united wishes of both parents if there are two living and having control of the child. The statute does not read "upon petition of one of the parents," but upon the petition of "the parents," and this, having in mind the general purpose of assuring an adequate attendance, must be construed to mean and include all who repre-

sent the complete control over the child's education and welfare.

This construction of the statute results in the necessity of holding that the petition was not sufficient in that it fails in this guaranty of a warrantable attendance. The form of the order entered here also suggests the propriety of the observation that, when the duty to establish a kindergarten becomes fixed, the board is entitled to a reasonable time to arrange matters and to secure the necessary paraphernalia and the proper teacher for the kindergarten. Under the law as it exists, it would seem that the raising of the money to meet this situation would have to be provided for by vote of the district. A reference to statutes similar to ours passed by other states discloses that provision is generally made for the raising of the funds. Sec. 1011 (8) of the Revised Code of Arizona of 1928 provides, ". . . and, in the event of the establishment of any such kindergartens, may secure funds for their maintenance as other school funds are secured." The California law (Political Code), sec. 1616, provides for the raising of money by levy to be made by the board of supervisors of the county, and similar provisions are found in many other states. Our statutes provide that such kindergarten shall constitute a part of the public schools of the district. This would seem to indicate that the legislature expected that the funds would be raised according to law in the same way that the usual funds for the running of the schools are raised.

*By the Court.*—The judgment of the circuit court is reversed, with directions to dismiss the petition.