JOINT SCHOOL DISTRICT No. 10 of TOWNS OF CHIMNEY ROCK and BURNSIDE, and others, Appellants, vs. SoSALLA and others as SCHOOL BOARD OF JOINT SCHOOL DISTRICT No. 6 OF CITY OF INDEPENDENCE and certain towns, Respondents. [Two cases.] *

*February 7—February 28, 1958.*

* Motion for rehearing denied, with $25 costs, on May 6, 1958.

412

For the appellants there were briefs by *Bogue & Sanderson* of Portage, and oral argument by *David Bogue*.

For the respondents there was a brief by *Kulig & Kulig* of Independence, and *Fugina, Kostner & Ward* of Arcadia, and oral argument by *LaVerne G. Kostner* and *Edward J. Kulig*.

FAIRCHILD, J.   The proceedings involved on this appeal were taken under sec. 40.075, Stats. 1955, repealed by ch. 537, Laws of 1957. Material portions of sec. 40.075 were as follows:

"Territory not in but adjoining a district which holds an annual meeting and operates grades 1 to 12 may be annexed thereto upon a petition therefor presented to the board of such common school district signed by 10 per cent of the electors in such adjacent territory. If the board approves the petition, the matter shall be submitted by said board to a meeting of the electors of said territory held in accordance with the provisions of section 40.14 (2). If a majority of the electors present at said meeting are in favor thereof, said

territory shall thereby be annexed. The board shall issue an order to that effect, copies of which shall be filed as provided in section 40.03 (3). . . . Any order of the school board to which attachment is made shall be presumptive evidence of the facts recited therein, and of the validity of all proceedings preliminary thereto."

1. *The standing of petitioners.* Defendants challenge the right of the district from which territory is being detached and residents of the territory remaining in the district to test the validity of the instant orders by certiorari. Defendants assert that only persons residing in the annexed areas could properly obtain certiorari.

We conclude, however, that the district has a right to petition for certiorari. It is alleged that the board of the district had been authorized to commence this proceeding by vote of the electors. In *State ex rel. Geneva School Dist. v. Mitchell* (1933), 210 Wis. 381, 245 N. W. 640, certiorari was issued on petition of a district from which territory had been detached. The board acted under its general powers, without express authorization by vote at a meeting of the electors. There was a motion to supersede the writ. This court held that bringing a legal action concerning the boundaries of the district was not within the general powers of the board, but also appeared to decide that the district had no interest in the detachment of its territory which it could bring action to protect. In *State ex rel. Callahan v. Murphy* (1944), 246 Wis. 310, 16 N. W. (2d) 834, a district was wholly abolished and appealed from the order doing so. The complete abolition of the district and resulting transfer of its property was considered a distinction from the *Geneva Case,* and the district was permitted to prosecute the appeal. The opinion also pointed out that a district meeting had authorized the board to appeal and stated that this fact was also "a material difference" from the *Geneva Case.* In *Brown Deer v. Milwaukee* (1956), 274 Wis. 50, 68, 79 N. W. (2d)

340, this court decided that a high-school district could seek a declaratory judgment whether consolidation of part of its territory with Milwaukee had the effect of annexing that part to Milwaukee for school purposes as well as municipal. In *State ex rel. West Allis v. Dieringer* (1957), 275 Wis. 208, 81 N. W. (2d) 533, it was assumed that a district could obtain certiorari to review the action of two municipal boards in detaching territory from the district. In the opinion in *Town of Madison v. City of Madison* (1955), 269 Wis. 609, 615, 70 N. W. (2d) 249, there was an explanation of sec. 66.029, Stats., authorizing a town board to institute action to protect the town against invalid annexation. It was pointed out that a town does have an interest in such a matter because of the adjustments in its affairs which are made necessary when territory is taken from it. The instant annexation performed major surgery on the tax base of the Russel-Vieum District, and it should be permitted to test the propriety of the annexation, at least when authorized by the electors at a district meeting. Sec. 40.22 (13) authorizes the district meeting to "Direct and provide for the prosecution or defense of any action or proceeding in which the district is interested."

*2. Contiguity of territory annexed.* The appeal in Case No. 225 can be disposed of by considering one proposition. The petition for the writ alleged that the annexation proceeding "proposes to take noncontiguous territory and . . . to make noncontiguous territory in the remaining district and to leave at least four islands of noncontiguous territory in the district."

The truth of this allegation is demonstrated by the facts as to areas 2–A, 2–B, and 2–C previously set forth. Sec. 40.075, Stats., provides for annexation of "territory not in but adjoining" the district to which it is being annexed. It has been established that territory is adjoining under this section even where the continuity of the territory in two

places is made only by corners of annexed tracts touching each other. *State ex rel. Badtke v. School Board* (1957), 1 Wis. (2d) 208, 211, 83 N. W. (2d) 724. We consider this the minimum of continuity required by the statute. Where a third body intervenes between two tracts, they do not adjoin. *Hennessy v. Douglas County* (1898), 99 Wis. 129, 136, 74 N. W. 983. In using the words "territory" and "adjoining" the legislature indicated no intention that one proceeding under sec. 40.075 could annex several areas, one of which is separated by intervening areas both from the other areas to be annexed and from the district to which they are to be annexed. Because of the complete separation of area 2–C from all other territory involved, we conclude that the order challenged in Case No. 225, and the proceeding on which it was based are void and should have been set aside by the circuit court. It is thus unnecessary to decide the further question whether under sec. 40.075 the territory annexed could be so selected as to separate unannexed portions of the district from each other by substantial intervening areas. It is also unnecessary to consider other challenges made by plaintiffs in Case No. 225.

3. Plaintiffs raise numerous objections to the orders and proceeding involved in Case No. 224. They assert that the petition which initiated the proceeding was so insufficient that the board of the Independence District acquired no jurisdiction to act. They further assert that in several respects the record does not show affirmatively that procedural requirements were complied with. They attack the action of the board in correcting an error in the order entered June 19th, and finally assert that sec. 40.075, Stats., was unconstitutional.

(a) *Sufficiency of petition.* Plaintiffs contend that in order to arouse the jurisdiction of the board of the annexing district under sec. 40.075, Stats., the petition itself must allege the existence of all the facts which would authorize

the annexing board to act under that section. It is clear that the petition does not meet the standards which petitioners contend must be met. The petition is addressed to the Independence District, dated May 31, 1956, describes the lands to be annexed and contains 28 signatures. The body of the petition reads as follows: "You are hereby requested by the undersigned petitioners and electors in territory adjacent to Jt. School District No. 6 of the city of Independence and the towns of Arcadia, Burnside, Lincoln, and Montana, pursuant to sec. 40.075, Laws of 1955, for the state of Wisconsin, to annex the following described territory to Jt. School District No. 6 of the city of Independence and the towns of Arcadia, Burnside, Lincoln, and Montana."

Plaintiffs insist that the petition wholly fails because it does not state (1) that the territory to be annexed was in a school district which did not operate 12 grades; (2) that the Independence District operates 12 grades and holds an annual meeting; and (3) that the electors who signed constitute more than 10 per cent of the electors in the territory.

Sec. 40.075, Stats., does not prescribe that any facts must be stated in the petition. Facts (1) and (2) are of a type which are probably personally known by the members of any board to whom such a petition might be addressed. Fact (1) could be ascertained by reference to records of the neighboring district. Fact (2) would be evident from their own records. Fact (3) is also determined from public records. Sec. 40.01 (6) provides a formula for determining the number of voters in a territory. To apply the formula one needs to know the area of the territory, the area of the municipality in which it lies, and the vote for governor in the municipality at the last general election. We should not presume that the legislature intended the statement of these facts in the petition to be jurisdictional. The existence of all these facts does appear in portions of the record certified to the court in response to the writ. Wisconsin decisions cited by plain-

tiffs are not in point. They place heavy reliance upon *Hartnip v. Fields* (1945), 247 Wis. 473, 19 N. W. (2d) 878. Certiorari was issued to review the act of a justice of the peace in issuing a summons in an unlawful-detainer action. The summons was issued upon a complaint which failed to state a cause of action. It was held that the defect in the complaint was fatal to jurisdiction. But there the statute authorized issuance of a summons only when a complaint stating a cause of action had been filed. This court has indicated that the sufficiency of the number of signatures on a petition for annexation need not be stated in the petition if shown or determined to be sufficient elsewhere in the proceeding. In *In re Town of Preble* (1952), 261 Wis. 459, 464, 53 N. W. (2d) 187, it was said: "In order for an annexation proceeding to be *valid on its face* one of the requisites would seem to be that the petition for annexation must either contain an allegation that it is signed by the required number of electors and property owners of the territory to be annexed to comply with the requirements of sec. 62.07 (1) (a), Stats., or else that proof of such compliance with the statute affirmatively appear in the record of the proceedings of the common council,—such as by way of a filed affidavit or a determination by a council committee, etc., that the petition did bear sufficient signatures to comply with the statute."

(b) *Claimed procedural irregularities.* The record shows that the steps outlined in sec. 40.075 and sec. 40.14 (2), Stats., were taken. Plaintiffs point to the absence of proof that notice of the special meeting of the board of the Independence District, held June 4, 1956, was given to all members of the board and it does appear that one member was absent. It was at this meeting that the petition was approved, the date of the meeting of electors set, and the clerk ordered to post notices. There is an affidavit of posting the notices in "eight public places in the area requesting annexation," list-

ing the locations. Plaintiffs contend that this affidavit does not show with sufficient particularity that the places were public and within the territory. The last sentence of sec. 40.075 provides that the issuance of an order is presumptive evidence of the validity of all proceedings preliminary thereto. Plaintiffs have not pointed out any portion of the record which shows that a jurisdictional error did occur. Plaintiffs are critical of the phrasing of the last sentence because it refers to a "board to which attachment is made." The grammar is imperfect, but the meaning plain.

(c) *The effect of the error in the first order.* The description of the territory to be annexed in the original petition, the posted notices, and the ballots at the meeting of electors was identical. One of the tracts included was the "NE ¼ of SE ¼ sec. 26.". When the order was entered June 19th, there was omitted a portion of the description of this tract so that it read: "NE ¼ sec. 26." On August 7, 1956, the board of the Independence District entered an amended order referring to the proceedings taken, reciting that the above-described typographical error had occurred, and ordering as of June 19th that the territory be annexed to the Independence District. In this amended order the tract above mentioned was again described as "NE ¼ of SE ¼ of section 26." Plaintiffs assert that the board could not enter a correct order based on the proceedings had after having once entered an incorrect one, particularly since the correct order was entered after the issuance of the writ of certiorari. We disagree. Sec. 40.075, Stats., provides that if a majority vote favorably, the territory "shall thereby be annexed." The board then has a ministerial duty to issue and file an order to record the action. The order of June 19th being incorrect in form, an interested party could have compelled the board to issue a correct one. This the board did of its own motion. It cannot be considered that the board lacked jurisdiction to do that which it had a duty to do.

Plaintiffs also assert that the statute gave power to annex or attach but not to detach. The term "alteration" in a school statute has been held to connote detachment and attachment. *Zawerschnik v. Joint County School Comm.* (1955), 271 Wis. 416, 430, 73 N. W. (2d) 566. In the same context the power to attach or annex territory to a district includes the power to detach it from another.

(d) *Constitutionality of sec. 40.075, Stats.* Many people considered this statute unwise and the legislature repealed it two years after its passage. Much of plaintiffs' argument on constitutionality goes to the legislative question.

Plaintiffs rely on sec. 3, art. X, Const., providing, "The legislature shall provide by law for the establishment of district schools, which shall be as nearly uniform as practicable; . . ." It has been decided that this requirement applies to the character of the instruction and not the means by which district boundaries are fixed. *State ex rel. Zilisch v. Auer* (1928), 197 Wis. 284, 290, 221 N. W. 860, 223 N. W. 123.

Plaintiffs also claim that this is a local law and therefore subject to the requirements of sec. 18, art. IV, Const. We cannot appreciate this claim since the statute applies to any number of school districts and adjoining territory when the terms of the statute are met.

Plaintiffs also assert there is unlawful delegation of legislative power. The propriety of complete delegation in the matter of school-district organization was settled in *School Dist. v. Callahan* (1941), 237 Wis. 560, 297 N. W. 407.

*By the Court.*—Judgment in Case No. 224 affirmed; judgment in Case No. 225 reversed, and cause remanded with directions to grant judgment vacating the annexation proceeding and order therein, and for costs. In this court no costs are allowed in either case to either party but the appellants are to pay the clerk's fees.