MRS. LUTHER LARSON and another, Appellants, v. STATE
APPEAL BOARD, Respondent.

*No. 37.  Submitted November 30, 1972.—Decided January 3, 1973.*
(Also reported in 202 N. W. 2d 920.)

For the appellants the cause was submitted on the brief of *Godfrey, Neshek & Worth, S.C.*, of Elkhorn.

For the respondent the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *John William Calhoun,* assistant attorney general.

HEFFERNAN, J.   When orders affecting school district reorganizations are appealed to the court, the only issue presented is whether the reorganization authority acted within its jurisdiction and whether its order was arbitrary or capricious. *In re School District No. 5, Village of Bear Creek* (1969), 42 Wis. 2d 264, 166 N. W. 2d 160; *Olson v. Rothwell* (1965), 28 Wis. 2d 233, 137 N. W. 2d 86; *Zawerschnik v. Joint County School Committee* (1955), 271 Wis. 416, 426, 73 N. W. 2d 566.

In the rare case, the question of discrimination or denial of equal protection can also be raised. *State ex rel. La Crosse v. Rothwell* (1964), 25 Wis. 2d 228, 234, 130 N. W. 2d 806, 131 N. W. 2d 699. However, the court

will not undertake a review of the wisdom or the correctness of a reorganization order. *School Board v. State Superintendent* (1963), 20 Wis. 2d 160, 179, 121 N. W. 2d 900; *Reinders v. Washington County School Committee* (1962), 15 Wis. 2d 517, 526, 113 N. W. 2d 141.

This court has long held that school district reorganization represents the determination of policy questions of a legislative nature. Whether an order for school reorganization from a policy point of view is in accord with what a court may think appropriate under the circumstances is immaterial. We have said:

"The courts could not assume the duties of the Superintendent or any other statutory authority even if the legislature delegated to them the power, for such a delegation would violate the doctrine of separation of powers." *School Board v. State Superintendent, supra,* page 180.

We have applied a similar rationale where we held unconstitutional a legislative delegation to the courts to determine whether an annexation is in the best interests of a community. *In re City of Beloit* (1968), 37 Wis. 2d 637, 155 N. W. 2d 633. *See also: Scharping v. Johnson* (1966), 32 Wis. 2d 383, 145 N. W. 2d 691.

This appeal does not question the jurisdiction of the school reorganization tribunals. Accordingly, the only issue raised is whether the State Appeal Board's order was arbitrary and capricious. Appellant argues that it was, because it failed to follow the constitutional mandate of art. X, sec. 3, of the Wisconsin Constitution. That section provides:

"The legislature shall provide by law for the establishment of district schools, which shall be as nearly uniform as practicable . . . ."

It is contended and it appears undisputed that the Watertown district provides services to more than 3,500 students, while the Johnson Creek district serves only

620. The Watertown district is composed of 159 square miles, with an equalized valuation of $135,000,000, while the Johnson Creek district is only 28 square miles in area and has an equalized valuation of slightly more than $14,000,000. The appellants contend that these figures demonstrate a complete disregard for the constitutional mandate. They argue that the new order, which takes territory and students away from Johnson Creek and adds to the Watertown district, aggravates an already unconstitutional situation.

A similar contention was dealt with in *State ex rel. Zilisch v. Auer* (1928), 197 Wis. 284, 221 N. W. 860, 223 N. W. 123. This court pointed out that the constitution refers to "district schools" and not "school districts." It stated:

"An examination of the debates in the conventions that framed our present constitution and the constitution of 1846 (which contained a similar provision) discloses that the members of those conventions, when they were framing the article relating to schools, were concerned, not with the method of forming school districts, but with the character of instruction that should be given in those schools after the districts were formed,—with the training that these schools should give to the future citizens of Wisconsin.

"Viewing the terms of this constitutional provision in the light of its express terms as well as of the purpose which actuated those who drafted it, we conclude that the requirement as to uniformity applies to the districts after they are formed,—to the character of the instruction given,—rather than to the means by which they are established and their boundaries fixed." (Pp. 289, 290)

The same position was restated in *Joint School District v. Sosalla* (1958), 3 Wis. 2d 410, 420, 88 N. W. 2d 357: "It has been decided that this requirement applies to the character of the instruction and not the means by which district boundaries are fixed."

No question of the character of the instruction in the school districts has been raised, and, accordingly, the constitutional provision has no relevancy to the issues which faced the appeal board or to our review of its action.

It is also argued that the detachment is unreasonable in that it will erode the tax base of the Johnson Creek district and that, therefore, its educational program will be undermined. The appellants have failed to present any evidence in their affidavit that would indicate that the severing of real estate valued at $37,200 from the Johnson Creek school district would have that effect. Moreover, we have recently held that a detachment order is not arbitrary or capricious because it weakens the tax base of the remaining portions of the district. In *Iron River Grade School District v. Bayfield County School Committee* (1966), 31 Wis. 2d 7, 142 N. W. 2d 227, we affirmed a detachment order which left only one-third of the original valuation but 92 percent of the student population. In that case, a strong showing was made that the remaining school district would be financially inoperable. We nevertheless held that the detachment was neither arbitrary nor capricious. We did so on the basis that what is right in the circumstances or what ought to be done in the public interest was a legislative matter which the legislature can delegate to subordinate bodies without any standards to guide the decision-making process. *State ex rel. La Crosse v. Rothwell, supra; School Board v. State Superintendent, supra; School District v. Callahan* (1941), 237 Wis. 560, 567, 297 N. W. 407; *State ex rel. Horton v. Brechler* (1925), 185 Wis. 599, 604, 202 N. W. 144.

Additionally, appellants rely upon sec. 117.01 (1) (e), Stats., which provides in part, "No territory may be detached from a union high school district so as to make parts of the school district noncontiguous." They contend

that the order will create noncontiguous islands within the Johnson Creek district which will be part of the Watertown district. The statute relied upon, however, is applicable only to a union high school district, and no showing has been made that either of the school districts come within that statute.

None of the issues raised by the appellants demonstrate that the school reorganization authorities acted arbitrarily or capriciously. On the contrary, it appears that the State Appeal Board heard testimony from persons for and against the petition. It considered the record made before the joint agency school committee, and the members of the board discussed the merits of the proposed order. Sec. 117.03 (3), Stats., provides that, on an appeal from a reorganization order, the State Appeal Board may make whatever disposition "it deems proper under the circumstances." In the circumstances here, it cannot be said that the board's order was "the result of an unconsidered, wilful and irrational choice of conduct," as defined in *Olson v. Rothwell, supra,* page 239. The discretion granted to the board is broad indeed, and on the basis of this record we cannot say that the decision made was so beyond the realm of reasonableness as to constitute arbitrary and capricious action. We need not conclude that, were this court sitting as a school district reorganization body, it would reach the same result. The policy decision to be made was that of the joint agency school committee and the State Appeal Board.

We find no evidence that the State Appeal Board exceeded its jurisdiction or acted arbitrarily or capriciously.

*By the Court.*—Judgment affirmed.