PACYNA (Mrs. M. J.), Respondent, v. BOARD OF EDUCATION, JOINT SCHOOL DISTRICT NO. 1, CITY OF STEVENS POINT and others, Appellants.

*No. 293. Submitted under sec. (Rule) 251.54 February 1, 1973.—Decided March 13, 1973.*
(Also reported in 204 N. W. 2d 671.)

For the appellants the cause was submitted on the brief of *Louis J. Molepske,* city attorney.

For the respondent the cause was submitted on the brief of *Crowns, Merklein, Midthun & Hill* of Wisconsin Rapids.

HALLOWS, C. J. The issue agreed upon is simply whether the school board's policy which requires a child to reach his fifth birthday prior to September 1st of the school year for admittance to kindergarten is constitutional. Nancy Pacyna, who was four years old on September 1, 1971, but would be five years of age on November 4th, was refused admission to kindergarten on the grounds of her age and of early admission tests which showed her to be too immature to qualify under an exception to the age policy.

The school board contends because the establishment of a kindergarten is not mandatory and it has a right to make rules and regulations concerning the organization, gradation, and government of its schools, it logically follows that it has the power to set a minimum-age limit for admittance to kindergarten. Mrs. Pacyna argues the school board's policy is contrary to art. X, sec. 3, of the Wisconsin Constitution and the statutes of this state, which by implication at least require a uniform-age limit of five years on or before December 1st of the school year. No provision in the constitution or of the statutes directly and expressly sets the age limit for admission to kindergarten.

Art. X, sec. 3, of the Wisconsin Constitution,[1] provides a limitation upon the power and the authority of

[1] "District schools; tuition; sectarian instruction. . . . The legislature shall provide by law for the establishment of district

the legislature in the establishment of district schools. The article requires district schools to be "as nearly uniform as practicable" and to be "free and without charge for tuition to all children between the ages of 4 and 20 years." This article does not require the establishment of a kindergarten for four or five-year-old children. Consistently, sec. 120.13 (14), Stats.,[2] which is made applicable to city school districts by sec. 120.49 (1),[3] gives each school board discretion as to whether it will establish a kindergarten. *See State ex rel. Mueller v. School District Board* (1932), 208 Wis. 257, 242 N. W. 574. While it need not establish a kindergarten, if a school board does exercise its discretion to do so, it must, among other things, follow a uniform-age-admission date to maintain uniformity.

While we have held in *Joint School Dist. v. Sosalla* (1958), 3 Wis. 2d 410, 88 N. W. 2d 357, that the uni-

schools, which shall be as nearly uniform as practicable; and such schools shall be free and without charge for tuition to all children between the ages of 4 and 20 years; and no sectarian instruction shall be allowed therein; but the legislature by law may, for the purpose of religious instruction outside the district schools, authorize the release of students during regular school hours."

[2] "120.13 **School board powers.** The school board of a common or union high school district may: . . .

"(14) KINDERGARTEN. In a common school district operating elementary grades or operating elementary and high school grades, establish and maintain a kindergarten. The kindergarten shall constitute a school of the school district and may not be discontinued unless the kindergarten enrollment for the preceding year was less than 15. The school board may discontinue kindergarten classes for 4-year olds."

[3] "120.49 **School board powers and duties.** In a city school district the school board shall have the powers and be charged with the duties of the school board of a common school district, as far as the same are not otherwise provided for or limited by statute. The school board of a city school district may:

"(1) SCHOOLS AND COURSES. Establish, organize and grade the high schools, elementary schools, night schools and kindergartens and prescribe the courses to be taught therein."

formity requirement of art. X, sec. 3, of the Wisconsin Constitution applies to the character of instruction, we have also held the constitutional provision does not require the school calendar to be identical in every city, town and hamlet, since the composition of a calendar is not a basic educational-policy determination. *Joint School Dist. No. 8 v. Wisconsin Employment Relations Board* (1967), 37 Wis. 2d 483, 492, 155 N. W. 2d 78.[4] If school age is not so essentially related to the character of instruction so as to be a part of it, what constitutes school age is such a basic educational-policy determination that it should be uniform throughout the state. There is nothing impractical about such uniformity. All children of identical age should have an equal opportunity to enter the public schools of Wisconsin. Education has always been of utmost state concern, finding its expression in the mandatory language of art. X, sec. 3, of the constitution. Families in our mobile society who move about within the state should not be confronted with a patchwork of age-admission dates for school.

Under the present statutory scheme, the age-admission date for first grade is six years old by December 1st of the school year. Sec. 118.14, Stats.[5] A September

---

[4] For other decisions on the uniformity clause, but not truly on point, *see State ex rel. Zilisch v. Auer* (1928), 197 Wis. 284, 221 N. W. 860 (uniformity requirement not violated by statute which authorized detachment of territory outside cities or villages); *State ex rel. Joint School Dist. v. Becker* (1928), 194 Wis. 464, 215 N. W. 902 (statute providing for portion of utility tax being apportioned to school districts held not violative of uniformity clause); *State ex rel. School Dist. v. Kramer* (1928), 194 Wis. 519, 217 N. W. 75 (following rule of *Becker Case*); *T. B. Scott Lumber Co. v. Oneida County* (1888), 72 Wis. 158, 39 N. W. 343 (law authorizing township system of school government did not violate uniformity clause).

[5] "118.14 **Age of pupils.** No child may be admitted to the 1st grade unless he is 6 years old on or before December 1 in the year he proposes to enter school. A resident over 20 years of age

1st admission date for kindergarten, as we have in the instant case, would require a child who becomes five years of age after September 1st but before December 1st to defer his education for one year or to enter first grade without the benefit of having attended kindergarten. Only by adopting a uniform date for age admission to kindergarten can kindergarten and first grade be integrated. While not controlling, sec. 121.07 (1) (b) [6] is persuasive. This section establishes December 1st as a cutoff date on which a kindergarten child must be five years of age in order to be counted for purposes of state aid.

We disagree with the school board's argument that sec. 120.13 (1) (a), Stats.,[7] which gives the school board the power to make rules relating to organization, gradation, and government of schools "including rules pertaining to conduct and dress of pupils," includes by inference the power to determine the school age for admission purposes. Likewise, sec. 120.49 (1) [8] which gives the school board of a city school district the power

may be admitted to school when in the judgment of the school board he will not interfere with the pupils of school age."

[6] "121.07 **General provisions; state aid computation.** In this subchapter:

"(1) PUPILS ENROLLED. . .

"(b) A pupil enrolled in kindergarten may be counted only if he attains the age of 5 years on or before December 1 of the school year in which he enrolls. A kindergarten pupil shall be counted as one-half pupil."

[7] "120.13 **School board powers.** The school board of a common or union high school district may:

"(1) SCHOOL GOVERNMENT RULES; SUSPENSION; EXPULSION. (a) Make rules for the organization, gradation and government of the schools of the school district, including rules pertaining to conduct and dress of pupils in order to maintain good decorum and a favorable academic atmosphere, which shall take effect when signed by a majority of the school board and filed with the school district clerk."

[8] *See* footnote 3, *supra.*

to establish, organize, and grade the schools and kindergartens and prescribe the courses to be taught, does not by implication grant the power to determine school-age admission. If these sections did confer such a power, it would still be controlled by the uniformity clause of the constitution, which would restrict the power exercised to fashioning an age-admission date for kindergarten integrated with the first-grade age and thus uniform throughout the state.

While the school board's powers in relation to kindergarten are broad, they are not unlimited. The uniformity requirement of art. X, sec. 3, of the Wisconsin Constitution, mandates an age date which is uniform, unless the legislature finds that such uniformity throughout the state is impracticable. Such a finding the legislature has not made.

We find no merit in the school board's argument that Nancy could be refused admittance to kindergarten because in the judgment of the school district psychologist she was incapable of profitably pursuing the studies of kindergarten instruction by reason of her immaturity. This standard was based upon an admission age of five years prior to September 1st. This is not a case where her presence is harmful to the best interests of the school, in which case she could not insist upon her constitutional right. *See State ex rel. Beattie v. Board of Education* (1919), 169 Wis. 231, 172 N. W. 153. There is no requirement a child must graduate from kindergarten to be admitted to first grade, but the purpose of kindergarten is to prepare the child for first grade. Education is for all children and if a child is excluded because of immaturity or other reasons, his educational needs must be otherwise provided for by the state.

*By the Court.*—Judgment affirmed.

ROBERT W. HANSEN, J. *(dissenting)*. A French minister of education was quoted as saying, "At this moment,

all over France, all children in grade so-and-so have book so-and-so open to page so-and-so." The majority does not take the standardization concept that far, but it does blend a constitutional construction and a public policy conclusion to hold that, while a school board need not have a kindergarten at all, if it does have one, its age-admission policies cannot be tailored to fit the local situation.

The writer agrees with the statement in the majority opinion that: ". . . No provision in the constitution or of the statutes directly and expressly sets the age limit for admission to kindergarten."

As to the constitutional requirement ". . . for the establishment of district schools, which shall be as nearly uniform as practicable, . . ." [1] this provision has been construed to apply only ". . . to the character of the instruction given,—rather than to the means by which they are established . . . ." [2] Thus, when it was argued that the uniformity provision required a uniform school

---

[1] Art. X, sec. 3, Wis. Const.

[2] *Larson v. State Appeal Board* (1973), 56 Wis. 2d 823, 827, 202 N. W. 2d 920, citing and quoting *State ex rel. Zilisch v. Auer* (1928), 197 Wis. 284, 289, 290, 221 N. W. 860, 223 N. W. 123, where this court said: "An examination of the debates in the conventions that framed our present constitution and the constitution of 1846 (which contained a similar provision) discloses that the members of those conventions, when they were framing the article relating to schools, were concerned, not with the method of forming school districts, but *with the character of instruction that should be given in those schools* after the districts were formed,—with the training that these schools should give to the future citizens of Wisconsin.

"Viewing the terms of this constitutional provision in the light of its express terms as well as of the purpose which actuated those who drafted it, we conclude that the requirement as to uniformity applies to the districts after they are formed,—*to the character of the instruction given,*—rather than to the means by which they are established and their boundaries fixed." (Emphasis supplied.) *See also: Joint School District v. Sosalla* (1958), 3 Wis. 2d 410, 88 N. W. 2d 357.

calendar so that children would go to school at the same times and for the same periods of time in all schools, this court said, ". . . Nor do we believe that constitutional uniformity requires the school calendar shall be identical in every city, town and hamlet." [3] It would appear to the writer that the age at which children are to begin kindergarten is farther removed from "the character of the instruction" than the days and times when school is to be open for all grades. Viewing the constitutional provision ". . . in the light of its express terms as well as of the purpose which actuated those who drafted it, . . ." [4] the writer sees no applicability whatsoever to the area of kindergarten age-admission policies.

As the majority opinion notes, there is no statute which legislatively establishes a minimum or uniform age for children going to kindergarten. By statute, each school board has full discretion as to whether it will or will not establish a kindergarten. [5] A minimum age for entry into first grade is statutorily fixed, [6] but none for kindergarten. The statute, as to when state aids are to be paid for kindergarten pupils, [7] cannot be made

---

[3] *Joint School Dist. No. 8 v. Wisconsin Employment Relations Board* (1967), 37 Wis. 2d 483, 492, 155 N. W. 2d 78.

[4] *Larson v. State Appeal Board, supra,* at page 827.

[5] Sec. 120.13 (14), Stats., made applicable to city school districts by sec. 120.49 (1).

[6] Sec. 118.14, Stats., providing:

"**Age of pupils.** No child may be admitted to the 1st grade unless he is 6 years old on or before December 1 in the year he proposes to enter school. . . ."

[7] Sec. 121.07 (1) (b), Stats., states:

"**General provisions; state aid computation.** In this subchapter:
. . .

"(b) A pupil enrolled in kindergarten may be counted only if he attains the age of 5 years on or before December 1 of the school year in which he enrolls. A kindergarten pupil shall be counted as one-half pupil."

over into some mandatory inclusion of children reaching a certain age by the beginning of a school term. In the statutes and in the state constitution the writer finds no basis for setting or requiring a uniform kindergarten age-admission policy in all schools.

Where neither the constitution nor the statutes establish a mandatory age-admission policy for kindergartens, there is no reason to go further to find an area of school board discretion in determining at what age children may or must be admitted to kindergartens.

The majority opinion does go further to the public policy involved, stating: ". . . Families in our mobile society who move about within the state should not be confronted with a patchwork of age-admission dates for school." This states the case for uniformity, but there is strong support among educators, school administrators and teachers for a "patchwork" approach that permits creative and imaginative local experimentation both in adapting to special situations and in learning by trying different approaches. Here, where the majority agrees that a school district need not have a kindergarten at all, what is seen as appropriate public policy is that school boards need not don the garment, but, if they do, they may not alter or patch it to make it fit. What they need not wear, they must not alter. The writer is unimpressed by such result or reasoning, but objects the most to a judicial selection of the particular public policy to be followed. Where there is no constitutional mandate, it is for the legislative branch of our government, not the judicial, to listen to both sides of the discussion and to determine the appropriate public policy in the particular area of concern. Of age limits for commencing kindergarten, the writer would say, as was said of time limits for commencing legal actions, ". . . the balancing [of public policy factors] and deciding is part of the legislative, not the judicial, process. . . ." [8] Until

---

[8] *See: Estate of Kohls,* ante, p. 141, 145, 203 N. W. 2d 666.

the legislature decides they may not, local school boards may decide the age at which children may attend kindergarten classes in their school district. So concluding, the writer would reverse.